## EDWARD SHUM *vs.* C. A. CLAGHORN.

January Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START, and THOMPSON, JJ.

*Condition Subsequent—Forfeiture—Description in Chattel Mortgage.*

A condition in a deed, that if the grantee shall support the grantor the instrument shall be in full force, otherwise be void, is a condition subsequent and the title vests, where possession of the property conveyed is evidently required for the performance of the contract.

Such a grantee has a title which may be transferred subject to defeat by non-performance and claim of forfeiture.

Non-performance alone without a claim of forfeiture will not defeat the title.

In aid of the description in a chattel mortgage the property will be assumed to be the property of the mortgagor.

In a chattel mortgage the description of an animal by age, sex and color is *prima facie* sufficient.

REPLEVIN. Plea, not guilty. Trial by court at the September Term, 1895, Rutland County, *Ross*, C. J., presiding. Judgment for the return of the property replevied. The plaintiff excepted.

The court found the following facts. The plaintiff being on May 3, 1893, the owner of a farm in Wallingford, and personal property thereon, including the mare replevied in this action, conveyed the farm and personal property to his son, Joseph E. Shum, by warranty deed with a condition for the support of the plaintiff and his wife. The son took possession and began to perform the condition, but in September of the same year, trouble having arisen in the family, the son removed from the farm, having previously arranged with the defendant, a merchant, to furnish the plaintiff such things as he needed. After the son's removal the plaintiff, with occasional help from the son, carried on the farm. Some of the personal property embraced in the deed was sold with the consent of the plaintiff and his son and the avails applied on the son's debts, contracted for the plaintiff's support, and on debts of the plaintiff assumed by the son, and some of it was used for the son's benefit while carrying on the farm. The plaintiff continued to treat the son as performing the conditions of the deed until a few days later than February 12, 1894; although the court find that he might rightfully have treated the deed as void upon the son's removal from the farm had he so elected. February 12, 1894, the son mortgaged the mare in question to the defendant to secure an account due from the son to the defendant for articles furnished, some of them for the plaintiff's support and some of them for the son's use; and the mortgage was duly recorded the same day. On the same occasion the son executed a quitclaim deed of the farm to the plaintiff, except delivery, which was not made until three or four days later. When he did deliver it he did not tell the plaintiff that he had mortgaged the mare. The plaintiff received the quitclaim deed, expressing his willingness to give up the con-

tract of May 3, 1883, and his satisfaction with what he was receiving back. Learning, a few days later, of the chattel mortgage, he saw his son but made no offer and expressed no desire to give up the quitclaim deed. Subsequently the defendant took the mare on foreclosure proceedings, when the present action was brought.

The chattel mortgage, which was received in evidence against the plaintiff's exception, describes the mortgaged property in these words only, "one four-year-old mare, cream color."

*Butler & Maloney* for the plaintiff.

The chattel mortgage is invalid for want of an adequate description of the property. *Huse* v. *Estabrooks*, 67 Vt. 223; *Parker* v. *Chase*, 62 Vt. 206: Jones Chat. Mort. 856; *Kimball* v. *Sattley*, 55 Vt. 285; *Andregg* v. *Brunskill*, 87 Iowa 351: 43 Am. St. 388.

Joseph E. Shum had no right to mortgage the mare. His title was only conditional and the condition was never performed. *Hogle* v. *Clark*, 46 Vt. 418; *Bradley* v. *Arnold*, 16 Vt. 382; *West* v. *Bolton*, 4 Vt. 558; *Martin* v. *Eames*, 26 Vt. 476; *Burnell* v. *Marvin*, 44 Vt. 277; *Cobb* v. *Hall*, 29 Vt. 510.

Such a conditional sale does not come within the statute in respect to record. *Dickerman* v. *Ray*, 55 Vt. 65; *Batchelder* v. *Jenness*, 59 Vt. 104.

There was no possession in the son and the defendant was charged with notice that the title was where the possession was. *Chase* v. *Snow*, 52 Vt. 525; *Parker* v. *Kendrick*, 29 Vt. 388; *Flanagan* v. *Wood* 33 Vt. 343.

*C. L. Howe* for the defendant.

The conveyance by the plaintiff to his son was upon condition subsequent and the property vested in the son upon delivery. No action for the possession could be maintained by the plaintiff against the son until condition broken, and accordingly none can be maintained against the

son's grantee. In this case the condition was never broken and never can be, for by the plaintiff's acceptance and retention of the quitclaim deed the condition was discharged. II Wash. Real Prop. (5 ed.) Chap. 14, § § 3, 4 and 9; *Buckmaster* v. *Needham*, 22 Vt. 617; *Lamb* v. *Clark*, 29 Vt. 273; *Norton's Admrs.* v. *Perkins*, 67 Vt. 203.

MUNSON, J. This action is replevin for a mare, which was covered by a conditional deed executed by the plaintiff to his son, and was afterwards mortgaged by the son to the defendant. The condition in the deed is as follows:

"Provided nevertheless the said Joseph E. Shum or his heirs, is to care for us according to our age and infirmities, and if he does thus care for us, then this deed to be and remain in full force and virtue in law; but if he fails or neglects to do so, then this instrument to be null and void."

The grantee entered upon the performance of this condition, but failed to carry it out; and the plaintiff now claims that the condition is such that the title would not pass until full performance. The treatment of the case depends upon whether the condition is precedent or subsequent.

It is well settled that the creation of a condition of either class does not depend upon the use of any particular words, and that the intention of the parties is to be gathered from the whole instrument. But it is often difficult to determine the nature of these provisions, and many rules have been given to aid in their classification. It is said by one writer that "if from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest, and the grantee perform the act after taking possession, then the condition is subsequent." 2 Wash. Real Prop. 7 (5th ed.).

This rule may perhaps properly be treated as decisive of the construction when the words themselves are not conclusive. It certainly requires that the ordinary terms of affirmance and avoidance be held to create a condition subsequent, when employed in a deed given to provide for the support of

the grantor.  The nature of the contract contemplates the possession and use of the property in the performance of the condition.   We hold therefore, that the condition above recited is subsequent; and it would appear from what is said in *Rollins* v. *Riley*, 44 N. H. 9, that this holding accords with the weight of authority.

When property is conveyed upon condition subsequent, the title vests in the grantee, subject to be defeated by a non-performance of the condition and a claim of forfeiture by the grantor.   The existence of the condition does not deprive the grantee of the right to transfer the property, and the title of a transferee will be valid until defeated as above stated.   But a failure to perform the condition will not defeat the title, unless the grantor takes advantage of the breach.   44 Am. Dec. 743 note.

The case finds that there was a breach of the condition of this deed prior to the delivery of the mortgage to defendant, but that the plaintiff did not elect to avoid the deed, and continued to treat it as in force until after the mortgage was delivered.  So the title was in the grantee of the conditional deed at the time the mortgage was given, and passed thereby to the defendant; and the question is, whether it was afterwards defeated by the manner in which the conditional estate was terminated.

It appears that about three days after the mortgage was delivered, the grantee of the conditional deed, in an interview which was understood to relate to the personal property as well as the real, delivered to his grantor, the plaintiff, a quitclaim deed of the farm, and that the plaintiff then expressed his willingness to give up the contract, and said that he was satisfied with what he was getting back. This cannot be considered an assertion of the rights accruing to the plaintiff from the breach.   The conditional estate was terminated by mutual agreement, and not by an enforcement of the forfeiture.   This left the defendant's title to the mare unimpaired.

*4*

The situation is not affected by the fact that the plaintiff was not aware of the mortgage at the time he took back the property. It appears that he learned of it within a few days and then saw his son in regard to it, but that nothing was said about giving up the quitclaim deed. The arrangement made with his son concerning the property was suffered to stand after he knew what had been done in regard to the mare.

But the plaintiff claims that the chattel mortgage is void for the want of a sufficient description. The property is described as "one four-year-old mare, cream color." There is no statement of ownership or location. We are aware that it has been held that no presumption of the mortgagor's ownership arises from the execution of the mortgage, and that a description which does not designate the property as belonging to the mortgagor will apply as well to any chattel which satisfies the description given, whoever its owner may be. But we think that as long as it is held that the sale of a chattel in possession is an implied warranty of the vendor's title, it should be presumed in aid of the description in a chattel mortgage that the mortgagor is the owner of the property he assumes to mortgage. Can it be said that the fact that the mortgagor claims to mortgage such a chattel is not enough to suggest inquiry with reference to his property? If it were found on inquiry that this mortgagor owned one cream colored four-year-old mare, and no other horse answering that description, could the inquirer have any doubt as to what property was mortgaged? Could the mortgagor raise any doubt in regard to it by saying that his neighbor owned a cream colored mare to which the description equally applied? We think this description should be given the same effect as if it read "one four-year-old mare, cream color, belonging to the mortgagor."

In *Huse* v. *Estabrooks*, 67 Vt. 223, we held that a description of a heifer as a two-year-old, without more, was

insufficient. It was then said that a description must not be so uncertain as to apply equally to any property of the kind described, but must contain some statement concerning the property that would serve to distinguish it from other property of the same kind. The description here is more definite in that it designates a four-year-old mare that is cream colored. We think this is all that can reasonably be required to give a *prima facie* validity to the mortgage. Any attempt to gain greater certainty by a description of the animal itself must be by the designation of special marks not easily described with accuracy. A statement of size cannot properly be held essential to a general description; for it is useless as a means of future identification in the case of growing animals, and the period of growth is of uncertain duration. It is true that age, which is included in the description under consideration, is not universally available as a means of identification; for it cannot always be given when the animal is mortgaged, and if given, cannot always be determined of the animal which is claimed to be the one mortgaged; but it is an item of description which is ordinarily relied upon, and if stated in the mortgage, affords a means of identification whenever the age of the animal in question is ascertainable. When the color is given in connection with the sex and age, it completes an enumeration of the characteristics which constitute a general description. Nothing naturally pertaining to the animal remains beyond sex, age and color, to distinguish one from another to ordinary observation. If we go beyond these primary characteristics, we enter upon a series which is without natural limit, and which can never bring us to a description that is absolutely certain. However far we may go in the use of distinguishing marks, it may still be said that there is nothing to show that the mortgagor did not have another animal with the same marks. Whatever the minuteness of detail, it would always be necessary to negative the ownership of other animals of the same description.

It is so nearly the universal rule that the location of property of this kind is easily ascertainable from the fact of ownership, that we think a statement of the town or farm where the animal is kept ought not to be required in addition to sex, age and color, to give the description *prima facie* validity. It certainly is not required by the rule which provides that the description shall be such as to enable a stranger to find the property by the inquiry which it suggests; for if one mortgages his two-year-old red heifer, and has but one such animal, the description contains everything necessary to the discovery and identification of the property. A statement of the location of the animal, or the designation of special marks, will often be necessary to perfect a description when the mortgagor has others of the same sex, age and color; but we think a mortgage ought not to be held invalid for the want of such further description, unless it appears that the mortgagor owned other animals answering the description given. To hold otherwise would be to make what might be a necessary matter of description in one case, essential to the validity of a mortgage in all cases. It was said in *Parker* v. *Chase*, 62 Vt. 206, that while a description need not be enough to enable one to find the property without inquiry, it must be such as to indicate the line of inquiry and furnish the basis of identification. This does not seem to indicate, and we do not understand, that a description must come as near as is practicable, in the circumstances of each case, to making extrinsic evidence unnecessary. We think that if any description other than a statement covering sex, age and color, is needed to distinguish the mortgaged animals from others owned by the mortgagor, it should be made to appear by the production of extrinsic evidence in impeachment of the mortgage. It not appearing that this mortgagor owned more than one cream colored four-year-old mare, we hold the mortgage sufficient.

Of course it is not intended to intimate that other methods

of description may not be adopted, which might render unnecessary any or all of the items embraced in the description now passed upon.

*Judgment affirmed.*

*Taft*, J., dissents.