JOSEPH L. WELLS v. ROY L. BLODGETT.

January Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 8, 1918.

*Chattel Mortgages—Description of Property Mortgaged—Sufficiency—Trover—Trial—Requests for Instructions.*

A statement of the location of the mortgaged property is not indispensable to a sufficient description in a chattel mortgage, although it will always aid in indentifying the property and may often render a mortgage, otherwise indefinite and uncertain, sufficiently certain by making the mortgage itself indicate where the property may be found on inquiry.

In testing the sufficiency of a description in a chattel mortgage covering "one red and white cow, four years old," it will not be assumed that the mortgagor had more than one cow of this kind; this fact being a matter of defence in impeachment of the mortgage.

A request for a binding instruction that a description in a chattel mortgage is insufficient cannot be complied with unless this can be said as a matter of law.

It is the well settled general rule that the description of animals in a chattel mortgage by sex, age, and color is sufficient to give the description *prima facie* validity; but this rule is subordinate to the rule that, as a general proposition, to be sufficient against third persons having constructive notice only, the description in a chattel mortgage must be such that the property can be identified by reference to the instrument itself, aided by such inquiries as may be indicated or directed thereby.

In passing upon a request for a binding instruction that the description of a cow in a chattel mortgage was insufficient, it will be assumed that the cow in question was truly described.

A description in a chattel mortgage, of a red and white cow, four years old, included among twelve cows mortgaged, *held*, under the circumstances, *prima facie* sufficient to charge a purchaser of the cow from the mortgagor with notice of the mortgage, it being presumed in aid of the description that the mortgagor was then the owner of the cows.

In an action of trover for a cow, brought by a mortgagee against a
    purchaser from the mortgagor, wherein the plaintiff relied upon
    three mortgages, two of which were executed at a time when there
    was evidence that the mortgagor had parted with the property, a
    refusal to instruct the jury that plaintiff could not recover by
    virtue of any mortgage executed by the mortgagor to him after the
    defendant had purchased and taken possession of the cow, was
    error.

A request to charge which presents an abstract question of law not
    applicable to the facts in issue is properly refused.

In an action of trover, brought by a mortgagee against a purchaser
    from the mortgagor, for a cow described in the mortgage as a red
    and white cow four years old, included among twelve cows mort-
    gaged, it was, under the circumstances, error to submit the case
    to the jury on the theory that the determining issue was the iden-
    tity of the cow, but the court should have charged that whether or
    not the mortgage was binding against the defendant depended
    upon the accuracy of the description, and that if the color of the
    cow was as described in the mortgage, the description was suffi-
    cient as against the defendant; otherwise, not.

TROVER. Plea, the general issue. Trial by jury in the Cale-
donia County Municipal Court, *G. C. Frye,* Judge. Verdict for
plaintiff. Defendant excepted. The opinion states the case.

*Porter, Witters & Harvey* for defendant.

*Searles & Graves* for plaintiff.

TAYLOR, J. The action is trover to recover for the alleged
conversion of a certain cow on which the plaintiff claimed to hold
a mortgage. The trial was by jury with verdict and judgment
for the plaintiff. There was evidence tending to show that the
defendant purchased the cow of one Cushman; that Cushman
had previously bought the cow from the plaintiff; that he had
given the plaintiff three chattel mortgages covering this cow and
other personal property; that the mortgage liens were still in
force; that before this suit was brought the defendant had sold
the cow to one Gilman. The plaintiff produced in evidence three
chattel mortgages from Cushman to himself, one executed in
September, 1913, and the other two in October, 1914, on which
he based his right of recovery.

The principal issues at the trial were as to the color of the cow in question and the date of her purchase by the defendant. By a special verdict the jury found that the purchase was in June, 1914. It was not claimed that the cow purchased by the defendant was not the one the plaintiff sold Cushman; but the defendant relied upon the claim that the description in the mortgage was insufficient to create a lien against a third person, among other things, in that the color of the animal was not truly stated. It did not appear whether the defendant had or did not have notice of an incumbrance other than such constructive notice as the record of the mortgages would impart; but no claim has been made that the rights of the parties are affected thereby.

The plaintiff's evidence tended to show that the cow was still in Cushman's possession when the last mortgage was executed and that she was a red and white grade Durham, four years old at the time of the original mortgage; while the defendant's evidence tended to show, as the jury has found, that she was sold and delivered to the defendant in June, 1914, before the two last mortgages were executed, and that she was not in color red and white, but a gray or Jersey color, with no distinct markings.

The chattel mortgage of September, 1913, so far as is material, described twelve cows, giving the color and age of each, including "1 red and white, 4 yrs.", and concluded, without more, "all above described cows are grade Durhams and Holsteins." The location of the mortgaged property is not given in the description. There was evidence tending to show that the cows described in this mortgage were at the time of its execution in Cushman's possession on his farm in St. Johnsbury and were the only cows then on said farm.

By certain requests the defendant asked for a binding instruction that as to the cow in question the mortgage was of no force, because of an insufficient description. It is urged, citing *Joslyn* v. *Moose River Lumber Co.*, 83 Vt. 50, 74 Atl. 385, 138 Am. St. Rep. 1067, 21 Ann. Cas. 1024, as a ground of insufficiency that the location of the property sought to be mortgaged is not given. It was said in the case cited that one of the most important elements in the description of mortgaged chattels is a statement of their location and the one thing which the draftsman of a mortgage should never omit. These remarks were cautionary and are of force at the present time. They were

specially significant in that case where an erroneous location of the property was suggested. However, it was not held that location of the property is indispensable to a sufficient description. It will always aid in identifying the property and may often render a mortgage, otherwise indefinite and uncertain, sufficiently certain by making the mortgage itself indicate where the property may be found on inquiry.

It is also said in support of the claimed insufficiency that it does not appear from the mortgage, but that the mortgagor at the time owned other cows answering the description. But in testing the sufficiency of the description it will not be assumed that he may have had more than one red and white cow 4 years old. That fact would be a matter of defence in impeachment of the mortgage. *Shum* v. *Claghorn*, 69 Vt. 45, 52, 37 Atl. 236.

The requests for a binding instruction could not be complied with unless the court could say as a matter of law that the description was insufficient. As a general proposition, to be sufficient against third persons having constructive notice only, the description in a chattel mortgage must be such that the property can be identified by reference to the instrument itself, aided by such inquiries as may be indicated or directed thereby. 5 R. C. L. 424; *Rogers* v. *Whitney*, 91 Vt. 79, 99 Atl. 419; *National Bank of Chelsea* v. *Fitts*, 67 Vt. 57, 30 Atl. 697.

It is the well settled general rule that the description of animals by sex, age and color is sufficient to give the description *prima facie* validity. *Shum* v. *Claghorn, supra; Rogers* v. *Whitney, supra*. However, this rule is subordinate to the rule stated above. The ultimate question is whether the description in the particular case is such as to enable a third person to identify the property by its aid, together with the aid of such inquiries as the instrument itself suggests. See *Parker* v. *Chase*, 62 Vt. 206, 20 Atl. 198, 22 Am. St. Rep. 99, and cases cited above.

For the purpose of a request for a binding instruction (the equivalent of a motion for a directed verdict) we must assume that the cow in question was truly described. We must also take into account the facts, disclosed in the evidence, of which the defendant must be deemed to have had notice. The record of the mortgage charged him with notice that Cushman, from whom he was about to purchase a red and white grade Durham cow, had in September, 1913, mortgaged to the plaintiff 12 cows, all grade Durhams and Holsteins, including a red

and white cow, then 4 years old. It would be presumed in aid of the description that Cushman was then the owner of the cows. *Shum* v. *Claghorn,* 69 Vt. 45, 50. Inquiry would have disclosed that Cushman had in his possession, when the mortgage was given, on the farm where this cow was in June, 1914, twelve cows answering the description of mortgage, and no more; and would have identified the cow he was purchasing as one of this number. With this information the defendant could not well have had any doubt that the mortgage covered this particular animal. In the circumstances the description was *prima facie* sufficient and the case was for the jury.

The court erred in refusing to comply with defendant's first request, which was that the jury be instructed that the plaintiff could not recover by virtue of any mortgage executed by Cushman to him after the defendant had purchased and taken possession of the cow in question. The plaintiff was relying upon three mortgages, two of which were executed after a time when there was evidence tending to show Cushman had parted with the property. The jury found for the defendant on this issue, and should have been told that in case they so found, the mortgages subsequently executed could not be considered as a basis of recovery.

There were other requests to charge which need not be specifically noticed. They present abstract questions of law and are not applicable to the facts in issue in this case.

The charge of the court is challenged by several exceptions. The case was submitted upon the theory that the determinative issue was the identity of the cow,—whether the cow mortgaged by Cushman to the plaintiff was the same cow that Cushman sold the defendant. As the case was tried, this was an inadequate submission of the disputed fact. The jury were told that the description by age, sex and color was *prima facie* sufficient and that the question for their consideration was the identity of the cow; while, as the case was made up, they should have been charged that whether or not the mortgage was binding against the defendant depended upon the accuracy of the description; that if the color of the cow was as described in the mortgage, the description was sufficient to give the mortgage validity as against the defendant; otherwise, not. This fault was sufficiently pointed out and requires a reversal.

The defendant moved the court to set aside the verdict and excepted to the overruling of his motion. As the defendant prevails on other exceptions, it is not necessary to consider the questions presented by this motion.

> *Judgment reversed and cause remanded.*