HATTIE B. SIMMONS *vs.* MICHAEL W. CARROLL.

Franklin. January 21, 1919. — March 4, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Mortgage*, Of personal property. *Conversion. Trustee Process. Attachment,* Of mortgaged personal property.

In an action by a mortgagee of personal property against a deputy sheriff for the conversion of the mortgaged property by an attempted unlawful attachment of it, it appeared that in the mortgage the mortgaged property was described as "one horse, one milk wagon, two buggies, two harnesses, ten cows, two hundred fowls including hens, roosters and chickens." The mortgage provided that the mortgagor was not to remove the property from the town of Orange without the consent in writing of the mortgagee. An auditor found that when the mortgage was made there was on the mortgagor's farm at Orange property of the kind described in the mortgage and that there was no evidence that the mortgagor had any other property of a similar kind. *Held*, that on this evidence it could be found that the mortgaged property was identified sufficiently and that therefore the failure not to describe the property more specifically did not render the mortgage invalid.

A deputy sheriff cannot justify an attempted attachment of personal property under a writ which never was entered in court and, after a failure to enter the writ within the required time, such officer becomes a trespasser *ab initio.*

If a deputy sheriff who has attached mortgaged personal property fails to comply with a demand of the mortgagee for the payment of the debt secured by the mortgage made in conformity with R. L. c. 167, §§ 69, 70, and fails to restore to the mortgagee the property so attached by him, he is liable to the mortgagee for the conversion of the property.

Under R. L. c. 167, § 74, there can be no valid attachment of mortgaged personal property unless it is in the possession of the mortgagor.

*Whether* an attempted attachment of mortgaged personal property by trustee process under R. L. c. 167, § 74, where the residence of the sole trustee is stated

in the writ to be in one county and the writ is made returnable in another county, is wholly void or merely voidable, it here was not necessary to consider because the attempted attachment was wholly void for other reasons.

TORT by the mortgagee of certain personal property against a deputy sheriff for the conversion of the property by an alleged unlawful attempted attachment. Writ dated March 11, 1916.

In the Superior Court the case was heard by *Quinn,* J., without a jury, upon an auditor's report. The evidence is described sufficiently in the opinion. The defendant, among other requests, asked the judge to make the following rulings:

"1. Upon the auditor's report, the defendant is not liable to the plaintiff."

"6. The plaintiff's alleged mortgage in this case is invalid and gives her no rights against this defendant.

"7. The description of the property in the mortgage under which the plaintiff claims is too vague and indefinite to give her any rights in the property in question as against any one not a party to the mortgage.

"8. The plaintiff's mortgage gives her no rights against this defendant on account of the vagueness and indefiniteness of the description of the property purporting to be mortgaged therein.

"9. All oral evidence received by the auditor to supplement the description in said mortgage was inadmissible and should have been excluded."

"13. The defendant in this case in all that he did acted under precepts which justified his actions at the time of said actions.

"14. The trustee writ spoken of in the auditor's report returnable to Worcester County was not void but only voidable and might in the discretion of the court have been removed to the right county and justified the acts of the defendant in moving the property."

The judge refused to make these and other rulings requested by the defendant. He made the following findings:

"I find that on January 31, 1916, the plaintiff had a valid mortgage on a portion of the property that day attached by the defendant on a writ in favor of Samuel Freedman against George C. Haskell and that the plaintiff made a demand upon the defendant for the payment of said mortgage and the same was not paid, and rule that the failure of the defendant to pay said mortgage and to

return to court said writ dated January 31, 1916, constituted him a trespasser *ab initio.*

"I rule that under the writ dated February 7, 1916, returnable to Worcester County, in which the plaintiff was summoned as trustee, the defendant was without authority to attach the property in question.

"I am unable to find as a fact that on said February 7, 1916, said property was in the possession of George C. Haskell, the mortgagor, and therefore rule that the defendant was not authorized to make said attachment.

"I further find that on February 21, 1916, the property in question was not in the possession of said George C. Haskell, mortgagor, and therefore further rule that the attachment made by the defendant on said date was unauthorized and invalid."

The judge found for the plaintiff in the sum of $943.79; and the defendant alleged exceptions.

*H. W. Blake,* for the defendant.

*F. L. Greene,* for the plaintiff.

CARROLL, J. This action is brought by the mortgagee of personal property against a deputy sheriff who attached the property covered by the mortgage. Many of the material facts are to be found in *Haskell* v. *Carroll, ante,* 424. In the Superior Court the judge found that the mortgage was valid; that the plaintiff made a demand on the defendant for the payment of the amount due under the mortgage, which demand was not complied with; that the failure to enter the writ dated January 31, 1916, made the defendant a trespasser *ab initio;* that the second writ, dated February 7, 1916, summoning the plaintiff as trustee and returnable in Worcester County, did not give the defendant authority to make the attachment; and that neither on February 7, when the second writ was served, nor on February 21, 1916, the date of the third writ, was the property in the possession of the mortgagor, and found for the plaintiff.

The mortgage covers "one horse, one milk wagon, two buggies, two harnesses, ten cows, two hundred fowls including hens, roosters and chickens." The defendant contends that the mortgage is invalid because the description is too vague. A general description in a mortgage of personal property, such as, "stock, tools and chattels belonging to me, in and about the wheelwright's shop

occupied by me," has been held not to be so vague as to render a mortgage invalid, although the identity of the property could be determined only by parol evidence. *Harding* v. *Coburn,* 12 Met. 333, 334. It does not appear as part of the description of the property where it was situated when the mortgage was executed, but the instrument provides that the mortgagor was not to remove the property from Orange without the written consent of the mortgagee. The auditor found that when the mortgage was given, there was on the mortgagor's premises property of the kind described in the mortgage and that there was no evidence that the mortgagor had any other property of a similar kind. On this evidence, although the description was very general, the property was sufficiently identified, and the failure more specifically to describe it did not render the mortgage invalid. *Harding* v. *Coburn, supra. Goulding* v. *Swett,* 13 Gray, 517.

The defendant cannot justify under the first writ dated January 31, 1916. That writ was never entered in court and in the absence of a waiver the defendant became a trespasser *ab initio. Shapira* v. *Walker,* 225 Mass. 451.

There was no error in the demand made on the defendant by the plaintiff, dated February 2, 1916. It was sufficient compliance with the statute, and the defendant by failing to comply with it became liable to the plaintiff. *Hanly* v. *Davis,* 166 Mass. 1.

The second writ affords no justification to the defendant. As pointed out in *Haskell* v. *Carroll, ante,* 424, when the property was attached under this writ and the mortgagee summoned as trustee the property was not in the possession of the mortgagor, but was held by the defendant's keeper. For the same reason the third writ does not justify the defendant's acts. There was no valid attachment under the second and third writs because the property was not in the possession of the mortgagor.

Even if the court erred, which we do not mean to intimate, in refusing the request of the defendant that the trustee process returnable in Worcester County was not void, but only voidable, the defendant was not harmed by this refusal; the attachment was void for other reasons, and the precept did not protect him.

We do not think it necessary to discuss the remaining requests; there was no error in refusing them.

*Exceptions overruled.*