JENNIE F. SYMES *v.* RAY FLETCHER.

February Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 1, 1921.

*Chattel Mortgages—Sufficiency of Description as Between Parties—Cross-examination of a Party—Conversion of Mortgaged Property—Evidence of Demand and Refusal— Waiver of Objection—Unresponsive Answers—Punitive Damages—Evidence of Value—Remoteness—Exception to Charge Must Be Specific.*

1. While, to be sufficient against third parties having constructive notice only, the description in a chattel mortgage must be such that the property can be identified by reference to the instrument itself, aided by such inquiries as may be indicated and directed thereby, yet, as between the parties, any description is good, if the parties at the time knew and understood what the mortgage covered.

2. As between the parties to a chattel mortgage, as well as between the mortgagee and one who has succeeded to the mortgagor's interest with actual notice of the mortgage, parol testimony is admissible in aid of the description to identify the property intended to be covered thereby.

3. In an action by a mortgagee against the mortgagor for the conversion of property covered by a chattel mortgage, evidence that the defendant had other property of the kind described in the mortgage is wholly immaterial, unless the identity of the things mortgaged with those converted is in issue.

4. A party calling the other party as a witness has the right to question him as in cross-examination.

5. Evidence that when an officer, for the purpose of foreclosing the mortgage, went to defendant's house where part of the mortgaged property was and asked him to show him such property, the defendant replied, "It is your business to find them," and did nothing to assist the officer in identifying the property, and the latter left without securing any of it, was sufficient to warrant a finding that there was a demand for the property

and that what the defendant said and did was intended and understood as an unconditional refusal to deliver the property.

6. The officer's return on an execution showing a levy on certain property of the defendant of the same character as that described in the mortgage, and a notice of a sheriff's sale of the property described in the levy were inadmissible as tending to show that some of the mortgaged property was then on defendant's farm, in the absence of evidence that the property levied upon was the same as that mortgaged or that the officer found the property levied upon.

7. An objection not relied upon in review is waived.

8. The giving of unresponsive answers by a party while on the witness stand is a matter largely in the hands of the trial court to be dealt with as justice may require, and, when it appears to the court that such answers are given intentionally to gain an advantage and that the verdict has been influenced thereby, it is the duty of the court, on proper motion, to set the verdict aside.

9. A mortgagee suing a mortgagor for the conversion of mortgaged personal property is entitled to punitive damages when the conversion of any of the mortgaged property was in reckless and wanton disregard of his rights.

10. In such case, evidence that the bulk of the mortgaged property had been consumed by the defendant without the plaintiff's knowledge or consent, and that the remainder was wrongfully withheld from the plaintiff when called for, warranted the allowance of punitive damages.

11. The mortgage in question was executed October 16, 1914. A considerable part of the mortgaged property was converted the same fall and in the winter following. *Held*, that evidence of its value at the time the mortgage was given was not too remote to prove its value at the time of conversion.

12. An exception to a charge too broad and not specific enough to call the court's attention to a point not raised at the time will not be sustained.

ACTION OF TORT for the conversion of mortgaged personal property by the mortgagor. Plea, the general issue. Trial by jury at the March Term, 1920, Washington County, *Chase, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*John J. Enright* and *Guy M. Page* for the defendant.

Mere inaction or negligence on the part of the defendant will not support trover.   *Booth* v. *N. Y. C. R. Co.,* 95 Vt. 9; *Manley* v. *B. & M. R. Co.,* 90 Vt. 217; *Andrews* v. *Carl,* 77 Vt. 173; *Bailey* v. *Moulthrop,* 55 Vt. 13; *Tinker* v. *Morrill,* 39 Vt. 477; *Farrar* v. *Rollins,* 37 Vt. 295; *Butler* v. *Jones,* 80 Ala. 436; *Gillett* v. *Roberts,* 57 N. Y. 28; *O'Connell* v. *Jacobs,* 115 Mass. 21; *Ware* v. *First Congregational, etc.,* 125 Mass. 584; *Bolling* v. *Kirby,* 90 Ala. 215, 24 A. S. R. 789; *Buffington* v. *Clark,* 15 R. L. 437; *Phillips* v. *Shackford,* 21 R. I. 442.

Punitive damages should be allowed only in cases where the defendant is moved by a wanton desire to injure, by express malice, to do the wrongful act.   The motive is the material inquiry.   *Rogers* v. *Bigelow,* 90 Vt. 41; *Moore* v. *Duke,* 84 Vt. 401; *Boutwell* v. *Marr,* 71 Vt. 1; *Boardman* v. *Goldsmith,* 48 Vt. 403; *Hoadley* v. *Watson,* 45 Vt. 289; *Philadelphia, etc., R. R.* v. *Quigley,* 21 How. 202; *Milwaukee, etc., Ry. Co.* v. *Arms,* 91 U. S. 489.

*Fred L. Laird* and *J. Ward Carver* for the plaintiff.

TAYLOR, J.   The action is tort for the alleged conversion of articles of personal property mortgaged by the defendant to the plaintiff.   The trial was by jury with verdict and judgment for the plaintiff.   The case is here on defendant's exceptions.

The defendant is a brother-in-law of the plaintiff, having, at the time the mortgage was given, lately married the plaintiff's sister.   He then lived at Richmond, Vermont, but owned a farm in the town of Essex, where much of the mortgaged property was situated, and to which he removed soon after the mortgage was executed.   The mortgage bears date October 16, 1914, and was given to secure the payment of a note of $975 and interest payable on or before one year from that date.   No part of the note has been paid.   The property mortgaged is described as follows: "One suckling colt, one 7½ horse power motor, one grain separator, one milk separator, six brood sows, four pigs, one feed grinder, one P. K. cutter and blower, one two-row corn planter, 600 bu. oats, one stack straw, one silo ensilage, all household furniture and furnishings."   The defendant retained the possession of the property, and no action looking toward a foreclosure of the mortgage was taken until sometime in the fall of 1917.   The

mortgage was then placed in the hands of an officer who called on the defendant at his farm in Essex and inquired respecting each article mentioned in the mortgage. He was told that the oats, ensilage, and straw were fed out or used up on the farm in the winter of 1914-15; that the colt died before he was two years old; that the pigs and three of the brood sows had died; that the other sows were butchered in the fall of 1914 for his own use; that the farm machinery was there, but was practically all worn out; that of the furniture and furnishings there were a few old things there—two or three chairs—not worth much. The officer asked the defendant to show him the things that were there, and the defendant replied, "It is your business to find them." He did nothing to assist the officer in identifying the property, and the latter left without securing any of it. It did not appear that any further attempt to foreclose the mortgage was made before this suit was brought.

Certain exceptions are briefed together for convenience. The first group raises in several ways the question of the sufficiency of the description of the property. Exceptions were taken: (a) To the admission of any evidence respecting a suckling colt, on the ground that the description was insufficient; (b) to the exclusion of a question asked the defendant whether he had other swine; (c) to the refusal of a directed verdict on the ground that the description was inadequate for a valid mortgage; (d) to the charge that the mortgage was valid and binding on the parties thereto and covered the property therein described; (e) to the refusal to set aside the verdict on the ground that the mortgage was void and the description insufficient to enable the officer to find the property. The defendant recognizes, as a general proposition, that a different rule prevails where the suit is between the parties to a mortgage than where the rights of third persons are involved; but he disregards the distinction when it comes to citing cases in support of his claims.

[1, 2] It is a well-recognized general proposition that, to be sufficient against third persons having constructive notice only, the description in a chattel mortgage must be such that the property can be identified by reference to the instrument itself, aided by such inquiries as may be indicated and directed thereby. *Wells* v. *Blodgett*, 92 Vt. 330, 104 Atl. 146. But this rule is for the protection of strangers to the mortgage whose rights in the property are to be affected by constructive notice. The de-

scription may be sufficient to create a lien, and yet insufficient of itself to import a notice thereof through the record. *Nussbaum v. Waterman Co.,* 9 Ga. App. 56, 70 S. E. 259. Generally, in treating of the sufficiency of a description in a mortgage, it is sufficiency as regards third persons who have in good faith acquired rights against the property that is referred to. Jones on Chat. Mtgs. (5th ed.) § 53. This is true of practically all of our cases involving the sufficiency of the description in a chattel mortgage; the only exception that we now recall being *National Bank of Chelsea* v. *Fitts,* 67 Vt. 57, 30 Atl. 697. Any apparent conflict in the decisions disappears when the distinction referred to above is noticed, and it is only by having the distinction in mind that confusion is avoided.

It was said in *National Bank* v. *Fitts* that as between the parties to a chattel mortgage the description is to be interpreted in the light of the facts known to, and in the minds of, the parties at the time; that a description which is sufficient between the parties may be utterly insufficient as against third persons; that, as between the parties, a specific and particular description is not necessary; and that, as between the parties, the mortgage need not contain a description of the several articles by which to identify them from other like articles of the mortgagor. The rule generally recognized is that, as between the mortgagor and mortgagee of personal property, as well as between the mortgagee and a person who has succeeded to the interest of the mortgagor with actual notice of the mortgage, parol testimony is admissible in aid of the description to identify the property intended to be given as security. *Reinstein* v. *Roberts,* 34 Oregon 87, 55 Pac. 90, 75 A. S. R. 564; *Stewart* v. *Jacques,* 77 Ga. 365, 3 S. E. 283, 4 A. S. R. 86; 5 R. C. L 429; Jones on Chattel Mortgages, § 64. Mr. Freeman says in a note to *Barrett* v. *Fisch,* 14 A. S. R. 239, that a description which is amply sufficient between the parties may be utterly insufficient as against third persons; for, as between the parties, a specific and particular description is not necessary, and the mortgaged articles may be shown by parol evidence. The reference to "third persons" is evidently intended to mean persons without actual notice of the mortgage. An examination of the cases shows the general rule to be that, as between the parties, any description is good, if the parties at the time knew and understood what the mortgage covered. Cobbey on Chat. Mtgs., §§186, 188; *Rudisell* v. *Jennings,* 38 Ind. App.

403, 77 N. E. 959, 78 N. E. 263, where numerous cases are collected.   See *Northwestern Nat. Bank* v. *Freeman*, 171 U. S. 627, 43 L. ed. 308, 19 Sup. Ct. 36, where it is held that a mortgage of a given number of articles out of a larger number is valid against those who know the facts; *Bonneviere* v. *Cole*, 90 Wash. 526, 156 Pac. 527; *Zinn* v. *Denver, etc., Co.*, 68 Colo. 274, 187 Pac. 1033; *Hartford—Conn. Tr. Co.* v. *Puritan Laundry*, 95 Conn. 172, 111 Atl. 149; *Clark & Boice Lum. Co.* v. *Com. National Bank* (Texas Civ. App.) 200 S. W. 197; *Simmon* v. *Carroll*, 232 Mass. 428, 122 N. E. 408; note, Ann. Cas. 1915 D, 783; 5 R. C. L. 430.   Mr. Cobbey assigns as a reason for the rule that only a party whose rights are injuriously affected can raise the objection of insufficient description.   Cobbey on Chat. Mtgs., § 186.   Sure it is that the law will not permit a mortgagor to escape the consequences of a conversion of mortgaged chattels by attacking the sufficiency of their description, at least when there is no dispute as to their identity or when it can be ascertained by extrinsic evidence.

[3]   Tested by the rules which apply when the controversy is between the parties to the mortgage, the exceptions being considered must be overruled.   The evidence tended to show that a certain colt and certain swine were pointed out to the plaintiff by the defendant as those intended to be mortgaged.   The fact, if established, that he had another suckling colt or other swine of the kind described would not invalidate the mortgage and would be wholly immaterial unless the identity of the things mortgaged with those converted was in issue, which was not the ground of exception.   Respecting the exception to the charge, it is enough to say that the execution of the mortgage was admitted, and no issue of fact was raised as to what particular articles were intended to be covered thereby.   As the case stood, there was no question for the jury relating to the validity of the mortgage.

[4, 5]   Several exceptions briefed together are addressed to the question whether there was any evidence of a conversion of the farm machinery and household furniture, which the defendant's testimony tended to show was on the farm when the officer called for it.   The defendant was testifying as a witness called by the plaintiff.   He was asked respecting the property claimed to be on the farm, "Did he (the officer) ask you for it?"   After a pause noted by the reporter, he answered, "Well I

should presume he did—I don't remember." Asked, if it was all· there, why he did not show it to the officer, he gave as his only reason, "It wasn't necessary for me to show it to him." An exception was saved to this question, but it was manifestly proper, as plaintiff had the right to question the witness as in cross-examination. In this immediate connection, referring to the farm at Essex, the defendant stated, "That is where I was when he demanded his property"; and, in answer to the question, "Did you then tell him that it was his business to find it, if he could?" replied, "I presume I did." Referring to the same matter, the officer testified that he demanded of the defendant that he show him the property, as he wanted it to sell. In substance, the court submitted to the jury to find from the evidence whether there was a demand for the goods and whether what the defendant said and did was intended and understood as an unconditional refusal to deliver them, and charged that, if the defendant refused to deliver the property without just cause or excuse, the jury had the right to treat such refusal as evidence of conversion. This was excepted to on the ground that there was no evidence tending to show such a refusal as would support the claim of conversion. Other exceptions to the charge respecting damages and to the action of the court in overruling a motion to set aside the verdict are to the same point.

It seems quite clear that in the circumstances the evidence made the question whether a refusal to deliver the property was intended a question of fact. Defendant told the officer that the property was there, though it was not visible. He must have understood that the officer demanded and was entitled to immediate possession of the property and his inability to identify it without aid other than the description in the mortgage. If not under a legal obligation to comply with the officer's demand that he show it to him, which we do not decide, the circumstances were such as would justify an inference that a refusal to deliver was intended. That the officer so understood it is at once apparent. The charge on this subject was as favorable as the defendant was entitled to, and the exceptions in this group are without merit.

[6] The defendant offered in evidence papers marked 1 and 2 N. C. L., as tending to show there was no conversion of certain of the articles named in the mortgage, and excepted to their exclusion. The paper marked 1 N. C. L. was the return of

the officer who made the demand already referred to on an execution in favor of the plaintiff against the defendant, showing a levy on certain property in February, 1919, in part of the same character as that described in the mortgage. That marked 2 N. C. L. was a notice of a sheriff's sale of the property described in the levy. It was claimed that the papers showed that some of the property mortgaged was on the farm in February, 1919, where the officer could levy upon it. The argument is that, if the officer could find the goods for the levy of an execution, he could have found them for foreclosure, and that no help of the defendant was needed, nor was his action in declining to show the property in any way a hindrance. One trouble at least with the defendant's claim is that the papers bear no evidence on their face that the property levied upon was the same as that mortgaged. There was no offer to show their identity, and it could not be inferred. In fact the natural inference would be to the contrary, for the defendant testified that they were practically worn out when the demand was made in 1917. Moreover, it did not appear that the officer found the property levied upon. The levy was by copy filed in the town clerk's office and it was not claimed that it was ever in his possession. There was never any sale on the execution. The exceptions are clearly without merit.

[7]    The plaintiff was asked to tell what there was in the defendant's house at the time of the mortgage for household furniture and furnishings. The question was objected to; the substance of the objection being that parol evidence is inadmissible to remedy defects in the description when the mortgagor is charged with a conversion. The defendant does not rely upon this objection in discussing the exception then saved and must be taken to have waived it. But what we have said respecting the admissibility of parol evidence in aid of the description in an action between the parties to a mortgage shows that the objection was without foundation.

[8]    The plaintiff was being cross-examined concerning her knowledge at the time that the defendant was feeding out and using up the oats, ensilage, and straw covered by the mortgage, and had testified that she didn't know what he was doing. She was then asked, ''Well, you understood, didn't you, that he should continue his farm business notwithstanding your mortgage?'' and answered, ''Well, I thought when he went and used

this stuff he ought to have been willing to have paid me before he used it up.'' Defendant's counsel excepted to the answer, the court ordered it stricken out, allowed the exception, and reprimanded the witness for answering outside the question. Plaintiff's counsel claimed that the answer was responsive and saved an exception to its being stricken out. It is claimed that this incident shows reversible error. The rule applicable to such a situation is stated in *Sanders* v. *Burnham,* 91 Vt. 480, 483, 100 Atl. 905. Such matters are largely in the hands of the trial court, to be dealt with as justice may require; and when it appears to the court that such answers are given intentionally to gain an advantage, and that the verdict has been influenced thereby, it is the duty of the court, on proper motion, to set the verdict aside. The misconduct of the plaintiff, if such it was, having been promptly and vigorously dealt with by the court, we are unable to find affirmatively any ground of reversible error. That no particular significance was attached to the incident at the time of the trial is evident from the fact that the defendant did not move to set the verdict aside as influenced thereby.

[9, 10] The propriety of permitting the jury to include punitive damages in their verdict was questioned by exceptions to argument of counsel and the court's charge, as well as by a motion to set the verdict aside. The ground of objection was that there was no evidence of malice or an intention to deprive the plaintiff of her property. As applied to this case, the test is whether there was evidence from which the jury might find that the conversion of any of the mortgaged property was in reckless and wanton disregard of plaintiff's rights. *Green* v. *LaClair,* 89 Vt. 346, 95 Atl. 499. It is argued that the property actually converted by the defendant consisted of articles of farm produce necessarily used in carrying on the farm, referring to the grain, ensilage, straw, and hogs, and that whatever the legal rights, mere deviation from the strict letter of the law was ''no evidence of malice or a wanton desire to injure.'' But the inferences to be drawn from the evidence were not all of an innocent character. There was evidence tending to show that all of the mortgaged property, except such as had died, had been lost to the plaintiff through the defendant's wrongful acts. The bulk of it in value had been consumed without the plaintiff's knowledge or consent. The little of her security that was left,

said by the defendant to be practically worthless, was wrongfully withheld from her when called for. We think the circumstances were such that the jury could properly infer that the defendant was not acting under an honest though mistaken belief as to his rights, but, on the contrary, in reckless and wanton disregard of the rights of the plaintiff. If they so found, they could in their discretion allow exemplary damages. *Green* v. *LaClair, supra.* The substance of the charge on the subject of punitive damages was not excepted to and is not before us for review.

Certain exceptions were taken in the course of the opening argument for the plaintiff relating to the probability of the defendant's having told the truth about the disposal of the mortgaged swine. We have examined the transcript and fail to find anything in the argument requiring a reversal.

The court gave as the measure of damages the value of the property converted at the time and place of conversion and applied the rule to the several classes of property referred to in the evidence. The charge continued: ''You should not guess or speculate as to the amount of the damages, but should decide this case upon the evidence and upon the evidence alone in respect to damages. If there is any article or articles the plaintiff has failed to introduce evidence which will enable you to determine its value at the time of conversion, you should allow nothing for them. The burden is upon the plaintiff not only to show conversion, but to show what the damage to her has been from the conversion.'' The defendant excepted ''to the charge as given, in effect, if the plaintiff has failed to introduce evidence * * * relating to damages, that they must not speculate. We claim that this is error, because that is a question for the court, and that the court should have charged the jury that there is no evidence at all tending to show what the value was at the time of conversion.''

[11, 12] Much of the evidence respecting the value of the mortgaged property related to its value at the time the mortgage was given. All of the evidence as to value was received without objection and went to the jury without requests to charge. In the circumstances, the part of the charge to which the exception was directed was for the particular benefit of the defendant. The claim advanced by the exception was that the court should have withdrawn from the jury any question of damages, or, in

other words, should have ruled of its own motion that all of the
evidence respecting value was too remote.   If it were to be ad-
mitted that such was the duty of the court under any circum-
stances, this is clearly not such a case.   A considerable part of
the mortgaged property was converted in the fall and winter
after the mortgage was given.   Manifestly, evidence of its value
at the time of the mortgage would not be too remote to be ad-
missible on the question of value at the time of conversion.   The
defendant now points to the lapse of time before the demand in
the fall of 1917, but his exception was too broad and not specific
enough to direct the attention of the court to that phase of the
case.   The exception is not sustained.

*Judgment affirmed.*