C. J. NILES v. FRED FULLER.

November Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed January 24, 1929.

*W. M. Wright* for the defendant.

*Lee E. Emerson* for the plaintiff.

CHASE, J. The case is here on a bill of exceptions from the Orleans County municipal court. The action is in tort for the conversion of two cows. The plaintiff had judgment after a trial by jury, and the only exception relied on is to the refusal of the court to charge as requested. No transcript of the evidence or of the charge given is before us.

It appears from the bill of exceptions that the plaintiff claimed and introduced evidence tending to show that he held a chattel mortgage on property described as follows: "2 black cows, 4 black and white, 1 yellow and white, 1 gray, 4 Jersey colored cows and all increase of the above described cows. The above described property is located in the town of Albany on the farm where we now reside." The bill does not state who the mortgagors were. It does show that the defendant purchased two cows of one Simon which the plaintiff claimed were sold to Simon by the mortgagors and were covered by the mortgage. It further states that the "plaintiff's evidence tended to show that the cows alleged in his declaration to have been converted were the gray colored cow and one of the four Jersey colored cows mentioned in the mortgage." The defendant requested the court to charge that the description in the mortgage was too indefinite to make it valid and binding on the defendant who was not a party to it. To the refusal so to charge the exception to be considered was taken.

As was pointed out in the case of *Symes* v. *Fletcher*, 95 Vt. 431, 115 Atl. 502, the distinction between what is a sufficient description when only those who are parties to a mortgage are

involved and what is necessary when a third party, like this defendant with no actual notice of the mortgage, is concerned must be kept in mind to avoid confusion.

In *Wells* v. *Blodgett,* 92 Vt. 330, 104 Atl. 146, the defendant was the purchaser from the mortgagor of a cow claimed to have been covered by a chattel mortgage given to the plaintiff. It was held that the test of the sufficiency of a description under such circumstances was whether it would enable a third person, with its aid and that of such investigation as it suggested, to identify the property. The difficulty in applying this rule to a particular case is obvious, for a description which will accomplish the desired result under certain circumstances may fail to do so under others. It is equally obvious that the range and scope of chattel mortgages as they are used in business today would be greatly curtailed if the rule as to description was not as elastic. The result is that each case must stand more or less by itself.

As a general thing, the description of animals in such a mortgage by sex, age, and color is *prima facie* sufficient. *Shum* v. *Claghorn,* 69 Vt. 45, 37 Atl. 236; *Rogers* v. *Whitney,* 91 Vt. 79, 99 Atl. 419; *Wells* v. *Blodgett, supra.* Here the description was by sex, color, and location. Such a description may leave much to be desired, but we confine ourselves to the question before us, which is simply whether the court was justified in refusing the request to charge. If the description was *prima facie* sufficient we must uphold the ruling as the record shows nothing of the facts and circumstances which appeared other than as already set forth herein, except the purely negative statement that there was no evidence that these cows were all of the kind at the place when the mortgage was given. This leaves the record devoid of information as to whether they were all the cows there or not. Leaving this out of consideration, we are called upon to say whether a description by sex, color, and location is *prima facie* sufficient. The element of location is substituted for that of age in the description dealt with in *Shum* v. *Claghorn, supra,* and there held to be sufficient *prima facie.* Keeping in mind that the object to be attained is an identification of the animals either by means of the description alone or with such investigation as it suggests, we can perceive of no reason why the location of the animals would not usually be as effective to that end as their age with their sex and color also

given in each instance. Since we do not reverse unless error is affirmatively shown (*Randall* v. *Beryl Lumber Co.,* 95 Vt. 158, 113 Atl. 872; *Parker* v. *Bowen,* 98 Vt. 115, 126 Atl. 522), the judgment is affirmed.

*Judgment affirmed.*