LOCAL UNION NO. 1256, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, A.F.L.-C.I.O., APPELLANT, *v.* CITY OF HUBBARD, APPELLEE.

(No. 3553—Decided March 31, 1986.)

Daniel P. Thomas, for appellant.
Michael A. Bernard, for appellee.

COOK, J. On April 12, 1982, the City Council of appellee Hubbard, Ohio passed Ordinance No. 9-82 which authorized the city board of control to enter into a contract with "employees." This contract would set wages, salaries, benefits, and other financial considerations for the city's employees for the years 1982 and 1983. On the same day, the Mayor of Hubbard signed the ordinance. But, on April 14, 1982, the mayor line-vetoed Sections 12 and 13 of said ordinance. Section 12 dealt with wage parity adjustments and Section 13 specified the date and eligibility of such payments.

On May 1, 1984, appellant union filed a declaratory judgment action in the Trumbull County Court of Common Pleas asking the court to determine whether the mayor was empowered to line-veto the two sections of Ordinance No. 9-82. Appellant maintained the ordinance was not an ordinance appropriating money and that, regardless, the mayor vetoed the sections two days after signing the ordinance. On March 8, 1985, the trial court found that Ordinance No. 9-82 was an ordinance appropriating money within the purview of R.C. 731.27 and, therefore, the Mayor of

the city of Hubbard had the authority to line-veto sections of it, and further found that the mayor vetoed the pertinent sections before signing the ordinance.

Appellant has appealed the judgment of the trial court and has filed the following "statement of the issues":

"Whether or not the trial court erred when it found that City Ordinance No. 9-82 was an ordinance appropriating money as set forth in section 731.27 of the Ohio Revised Code, thereby authorizing the mayor to line-veto sections 12 and 13."

The assigned error is well-taken.

R.C. 731.27, in pertinent part, provides:

"* * * If [the mayor] does not approve it, he shall, within ten days after its passage or adoption, return it, with his objections, to the legislative authority, or, if it is not in session, to the next regular meeting thereof, which objections shall be entered upon its journal. *The mayor may approve or disapprove the whole or any item of an ordinance appropriating money.* * * *" (Emphasis added.)

An appropriating ordinance obviously appropriates money. The word "appropriation" is defined in Black's Law Dictionary (5 Ed. Rev. 1979) 93, as follows:

"Appropriation. The act of appropriating or setting apart; prescribing the destination of a thing; designating the use or application of a fund. * * *" (Citation omitted.)

On the other hand, an "expenditure" is the expending, a laying out of money, or disbursement, and is not the same as an "appropriation," which is the setting apart or assignment to a particular person or use. *Grout* v. *Gates* (1924), 95 Vt. 434, 448, 124 A. 76, 80.

In the instant cause, Ordinance No. 9-82 was not an ordinance appropriating money, but rather was an ordinance authorizing the board of control to enter into a contract with the city employees as set forth in an attachment, and authorizing the auditor to make expenditures of the payments authorized by the ordinance.

Since R.C. 731.27 only gives the mayor the power to line-veto items in an ordinance appropriating money, and Ordinance No. 9-82 is not an ordinance appropriating money, the mayor had no power to item-veto Sections 12 and 13 of the ordinance.

Although not raised in this appeal, it appears the trial court erred in finding that the mayor line-vetoed Sections 12 and 13 of Ordinance No. 9-82 before signing the ordinance since it clearly states on the face of the ordinance that the mayor signed it on April 12, 1982, and item-vetoed the two pertinent sections on April 14, 1982. However, we do not address the legal ramifications of such action since the issue has not·been raised.

The judgment of the trial court is reversed and judgment is entered for appellant.

*Judgment reversed.*

DAHLING, P.J., and FORD, J., concur.