## CUTLER & MARTIN *vs.* HYNMAN SKEELS.

October Term, 1896.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Evidence—Ordering Letter Produced—Opinion—Comparisons—Exception to Charge—Improper Argument to Jury.*

Error cannot be predicated upon an improper answer to a proper question. The exclusion of an unanswered question is not error, no offer being made showing that the answer would disclose admissible evidence.

The trial court refused to order the plaintiff to produce, for the use of the defendant while cross-examining the plaintiff, a letter which the plaintiff had received from the defendant concerning the matter in question. *Held*, the contents of the letter not being shown by the record, that no error could be found in the ruling.

A witness qualified to speak upon the subject may give his opinion as to the age of cattle.

A dealer who had seen the meat in question was asked, as a witness, to compare the meat he saw with that which could be obtained from such cattle as were described by another witness. *Held*, that the question was properly excluded.

There was no error in allowing the defendant to be asked if in his letter to the plaintiff he stated his claim as he then, on trial, made it; no inquiry being made as to what the contents of the letter were.

An exception, to a recited portion of the charge, in the words, "to all which the defendant excepted," will not justify a reversal if any part of the recited portion is correct.

The court permitted counsel for the plaintiff to make, in argument to the jury, statements of facts which were not in evidence. In this respect there was error and the judgment is reversed.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the March Term, 1895, Washington County, *Start,* J., presiding. Verdict and judgment for the plaintiffs. The defendant excepted.

The action was for the price of a pair of oxen. The oxen, while alive, were sold, by description, through Howard P. Martin as the plaintiffs' agent, to be dressed and delivered at the defendant's market in Barre at seven cents per pound.

The defendant's evidence tended to show an express warranty that the oxen were not over five or six years old, a strictly fancy pair, and fit to hang in the defendant's windows as an advertisement, and that the price was for that reason larger by one cent per pound than the price of ordinary first-class beef; that the contract was made January 18, 1893, and that the cattle were delivered February 23, 1893, by one Lombard as the plaintiffs' agent; that the defendant received the meat with objections, not as filling the contract but in reliance upon Lombard's representation that the plaintiffs would do what was right about it; that until a month after the delivery the defendant supposed he

was dealing with Howard P. Martin as principal; that the day after the delivery the defendant notified Howard P. Martin, by letter, that the meat was unsatisfactory and that he must come and settle, which letter was received and delivered to the plaintiffs on the day following; that after waiting a reasonable time and receiving no reply the defendant cut up the meat and began the sale of it, being still ignorant of the age of the cattle and not intending to accept it under the contract; that about March 1, 1893, the plaintiff Willard S. Martin called upon the defendant for the pay for the cattle and that the defendant insisted upon settling with the supposed principal, Howard P. Martin; that, soon after, Howard P. Martin called and was informed by the defendant that the meat was not accepted and that the defendant claimed damages for breach of the contract; that the cattle were, in fact, from twelve to fifteen years old, and the meat not worth over four or five cents per pound, and that considerable of it was unmarketable; that the defendant offered to return the unsold portion when he found that the plaintiffs were unwilling to allow a recoupment of damages. The plaintiffs conceded that they were bound by any representation made to the defendant by Howard P. Martin.

The plaintiffs' evidence tended to show that there was no warranty as to the age of the cattle, that they were not sold as a fancy article, and that the meat was all that it was represented to be.

(1) The basis for this exception appears in the opinion.

(2) On cross-examination, the plaintiff, Willard S. Martin, was asked if he did not instruct Lombard to keep quiet about where the oxen had gone, and answered: "No, I never did and I never heard of it until you just spoke." He was then asked: "You did not know that Mr. Lombard had told somebody that you had instructed him to that effect, did you?" The question was excluded and the defendant excepted.

(3) On further cross-examination, the same witness admitted that while the case was pending before the justice he did, perhaps, ask him to look at other of the plaintiffs' cattle and see what kind of cattle they were. The defendant then offered to ask him : "Did you not know better than to approach a justice in that way?" The question was excluded and the defendant excepted.

(4) The basis for this exception appears in the opinion.

(5) The defendant while putting in his case called the plaintiff, Martin, for cross-examination and asked him to produce a letter written to the plaintiffs by the defendant, concerning the cattle, which the witness acknowledged was in court in the hands of his counsel. The court refused to order the letter produced at that time. The defendant excepted.

(6, 15½, 16) The witnesses Hall and Brock were allowed to give their opinion as to the age of the cattle, having testified that they had examined them for the purpose of determining their age.

(7, 8, 15) The basis for these exceptions appears in the opinion.

(17) Counsel for the plaintiffs in the opening. argument stated to the jury that one of the witnesses for the defendant was an assistant counsel and argued that his relations as such counsel affected his credibility as a witness. There was no evidence in support of the assertion. The defendant was allowed an exception. In the closing argument the plaintiffs' counsel stated that the plaintiffs brought their reputation into court with them, that he (counsel) had known them for many years and known of their previous good character and reputation and that these were the best kind of evidence in their behalf. There was no evidence in support of either of these assertions. The statement was not withdrawn, but left to have its natural effect. The defendant was allowed an exception.

(18) The holding of the court renders a statement of the charge unnecessary.

*John W. Gordon* for the defendant.

It was reversible error to permit the plaintiffs' counsel to make the recited statements of fact in argument to the jury. *Magoon* v. *B. & M. R. Co.*, 67 Vt. 177, 195, 202; *Coble* v. *Coble*, 79 N. C. 589: 28 Am. Rep. 338; *Tucker* v. *Henniker*, 41 N. H. 317; *People* v. *Ah Len*, 92 Cal. 282: 27 Am. St. 103; *Cleveland Paper Co.* v. *Banks*, 15 Neb. 20: 48 Am. Rep. 334 and note; *Thompson* v. *State*, 43 Tex. 268; *Kennamon* v. *Kennamon*, 71 Ind. 417; *Hatch* v. *State*, 8 Tex. App. 416: 34 Am. Rep. 751; *State* v. *Fitzgerald*, 68 Vt. 125; *Bullard* v. *B. & M. R. Co.*, 64 N. H. 27: 10 Am. St. 367; *Rudd* v. *Rounds*, 64 Vt. 432.

*W. A. Lord* and *R. A. Hoar* for the plaintiffs.

If the statement of counsel in argument was improper, which we deny, objection should have been made at the time. If not so made it is too late. *State* v. *Ward*, 61 Vt. 153; *Com.* v. *Worcester*, 141 Mass. 58.

TAFT, J. (1) The plaintiff Martin in response to a question, testified that he gave Howard P. Martin instructions in regard to the sale of the cattle. No objection was made to the question, but in answering it he stated that he authorized him to sell them for seven cents a pound, and added, "that they were worth that, as he understood cattle were bringing that in Barre." It is insisted that the admission of this latter remark was error; It was not in response to the question.

That error cannot be predicated upon an improper answer to a proper question, see numerous Vermont cases. But the answer had some bearing upon the question of what instructions he gave Howard P. to sell them. It was more probable that he authorized him to sell them at that rate, if cattle were bringing the sum named, in the Barre market, than if the rate in that market had been less. But there was no controversy about the price agreed upon for the cattle, therefore the defendant was not harmed

by the plaintiff's testimony that he understood cattle were bringing seven cents a pound in the Barre market, for that was the price at which the cattle were sold.  For each of these reasons there was no error.

(2)  Whether the plaintiff Martin had heard that Lombard had told somebody that he, Martin, had instructed him, Lombard, to keep quiet where the oxen had gone to, was immaterial.  It was not pertinent to any issue in the case, and had no tendency to prove nor disprove any fact in controversy.

(3)  The plaintiff Martin answered fully all questions asked in regard to what he had said to the justice about the latter looking at his, Martin's cattle, at the time this suit was pending before the justice.  There was no error in excluding the question of whether he knew better than to approach the justice, and try to influence him, for it does not appear what his answer would have been.  He may have answered "No," which would have been no benefit to the defendant.  The defendant must show he has been harmed by a ruling, before a judgment should be. reversed.  The exclusion of an unanswered question is not error, an offer must be made showing that the answer would disclose admissible evidence.

(4)  The plaintiff testified in respect to Mr. Lombard, "I engaged him to carry the meat over;" this testimony was not objected to.  The court ruled that it was proper to show what the plaintiff engaged Lombard to do, but no further testimony was given under the ruling, and therefore no injury was caused by it.  The correctness of the ruling is not considered.

(5)  The defendant had written the plaintiffs a letter and during the trial called upon the plaintiffs to produce it.  The letter was concerning the cattle.  It is not shown what the contents of the letter were.  The court ruled that, at the time, the defendant was not entitled to its production.  The contents of the letter not being shown we cannot say that

it was error to exclude it. Were the contents material we do not say it was an erroneous ruling. We are not called upon to consider the question.

(6, 15½, 16) When the witness Rice was testifying, the court ruled, he could not give his opinion as to the age of the ox,—but notwithstanding the ruling, he stated that as near as he could judge the ox was ten years old.

The defendant was not harmed by the ruling for the question he asked was answered. A witness qualified to speak upon the subject may give his opinion as to the age of cattle. There was no error in admitting the testimony of Hall and Brock.

(7) There was no error in excluding the testimony that the witness Rice, after the justice trial, told the plaintiff Cutler, the oxen were old; the defendant was permitted to show the age of the oxen, and that the plaintiffs had changed the ground upon which they claimed to recover.

The plaintiffs had conceded that they had inquired of the witness how old the oxen were, and the witness had stated at the trial how old they were. It will be inferred that the witness told the plaintiffs the age as he understood it to have been. It does not appear that the offer of the testimony was to show he told them it was different from what he stated on the trial that it was. We infer it was the same. The testimony in substance was already in the case and further examination of the witness was unnecessary.

(8) As tending to show what the plaintiffs knew, about the age of the oxen, at the time of the justice trial, statements made to the plaintiffs prior to the trial were admitted; but statements made to the plaintiffs after the justice suit, had no tendency to show that the plaintiffs knew the age of the oxen at the time of the trial, which was the purpose for which the testimony was offered.

(9, 10, 14) These points are waived.

(11, 15) A Mr. Rowell was called as a witness. He was a dealer in meats, and had seen the meats in question. He

was asked to compare the meats with that which could be obtained from such cattle as were described by another witness. His comparisons were properly excluded. He could describe the meat in question and the jury could make the comparison, if it was material. For the same reason the question noted in the fifteenth exception was properly excluded.

(12) All that the defendant proposed to show by Mr. Bachelder under the twelfth exception, had already been conceded by the plaintiff Martin.

(13) There was no error in asking the defendant if in his letter he stated his claim of breach of contract, as he then, on trial, claimed it. No inquiry was made as to what the contents of the letter were.

(17) The counsel for plaintiffs in the opening and closing arguments, stated to the jury facts not supported by any evidence in the case.

The statement of counsel that he had known the plaintiffs for many years, and knew of their previous good character and reputation; and that their character and reputation was the best kind of evidence in their behalf, was not legitimate argument. It was a statement of facts that he had no right to make, and as it was permitted by the court, we regard it as an implied ruling, that such argument was legitimate.

In this respect there was error, for which the judgment must be reversed.

(18) The exception to that portion of the charge detailed in the bill, was taken in these words, "to all which" the defendant excepted. To sustain such an exception the whole charge as detailed must have been faulty. No question is made but that the charge as to a warranty, was correct. The exception must be overruled even if a part of the charge was incorrect. Whether it was faulty in some of its aspects we have no occasion to consider. This point has been decided so often, that it is needless to cite authorities in support of it.

*Judgment reversed and cause remanded.*