CHARLES L. HOLMAN v. GEORGE S. EDSON.

October Term, 1906.

Present: ROWELL, C. J., WATSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed March 4, 1908.

*Witnesses—Party's Improper Answer to Proper Question—*
*Ground of Reversal.*

An improper answer by a witness, other than a party, to a proper question is not error, where neither the court nor the examining

counsel are in fault; and that they were without fault will be pre-
sumed, the contrary not appearing.

Such an answer to such a question is ground of reversal, where it
appears to have been given through the fault of the prevailing
party or his counsel; and it is through their fault, if given with
their knowledge or consent.

But a party's improper answer to a proper question stands different,
for the law presumes that he intended to answer improperly; and
if the answer is material, it is ground of reversal. *Cutler & Martin*
v. *Skeels*, 69 Vt. 154, distinguished.

CASE for negligence. Plea, the general issue: Trial by jury
at the June Term, 1906, Orange County, *Tyler*, J., presiding.
Verdict and judgment for the plaintiff. The defendant ex-
cepted. The exceptions do not show whether the court in-
structed the jury to disregard plaintiff's improper answer. The
opinion states the case.

*William Batchelder*, and *E. W. Smith* for the defendant.

*M. M. Wilson*, and *R. M. Harvey* for the plaintiff.

MILES, J. This is an action on the case for alleged negli-
gence in the care of plaintiff's horse. The negligence alleged
was that the defendant kept the horse in a stall having a hole in
it on the right hand side as one entered it, in which the horse re-
ceived the injury resulting in its death. The defendant denied
that there was any such hole and claimed that the injury to the
horse resulted in a different manner from that claimed by the
plaintiff, and without his fault.

The plaintiff testified in his own behalf, and among other
things, testified on direct examination and without objection,
that the hole "had blood around it and somewhere it had run
down on the boards, and it was where his horse was through
it." This testimony was immediately followed by the follow-
ing question and answer, viz.:

Q. "You don't know that?" A. "I understood that,
that was what they told me." To this answer the defendant
objected and excepted in form, and if the exception was to be
limited to that alone, no error would exist; but the defendant
claims that the testimony of the plaintiff above quoted is covered

by the objection and exception.  That testimony consisted of the statement of a fact as of the plaintiff's own knowledge, which, if true, was admissible; but the question and answer objected to, brought out the fact, that it was not of the plaintiff's own knowledge, but was merely hearsay.  Until that fact was brought out, the defendant was not called upon to object, to save his rights; but, the exceptions show, that as soon as it was called out, the defendant did object and except.  While the form of the exception was to the answer, the case shows that it was in fact to the quoted testimony of the plaintiff next preceding it, and counsel on both sides so treated it in their arguments.  They have also treated such testimony as not responsive to any question asked by either counsel, and in considering the same we have treated it as counsel have.

The rule is well settled in this State that an improper answer by a witness to a proper question is not ground of error, if given without fault of the court or examining counsel.  *State* v. *Marsh & Buzzell,* 70 Vt. 288, 40 Atl. 836, and cases there cited.  That they were without fault will be presumed, in the absence of anything appearing to the contrary.  *Frary* v. *Gusha,* 59 Vt., 257, 9 Atl. 288; but this rule, we think, should not be extended to parties when testifying.  In the case of a witness, such an answer is ground of error, if given through the fault of the opposing party or his counsel, and it is through their fault, if given with their knowledge or consent.  In the case of a party, the law presumes that he knows and intends what he testifies to, and if it is material such answer constitutes reversible error.

In the case at bar the answer was material to the question at issue, and was therefore error for which the cause should be reversed.

This holding is not in conflict with the case of *Cutler & Martin* v. *Skeels,* 69 Vt. 154, 37 Atl. 228.  It will be noticed upon a careful examination of that case, that the Court only recites the rule relating to witnesses in general, without making the application of that rule to the case then in hand; and the case is decided upon the ground that the answer had some bearing upon a material point in the case, and also upon the further ground that it was harmless, if immaterial.

As the case must be reversed upon the point above considered, we take no notice of the other question raised.

*Reversed and remanded.*