<hr />

ELLEN R. SANDERS *v.* MARION BURNHAM.

February Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 10, 1917.

*Evidence—Admissibility—Alienation of Affections—Unresponsive Answers by Party—When Inadmissible—When Ground for Setting Aside Verdict—Secondary Evidence of Contents of Letter—Finding of Loss—Discretion of Court—Character — When Not Admissible—Adulterous Disposition—Proof of Adultery.*

In an action brought by a wife for the alleged alienation of her husband's affections, evidence that the husband told the plaintiff of his immoral relations with the defendant and promised that he would cease from them is not admissible as tending to show the state of mind of the husband toward the defendant.

In an action brought by a wife for the alleged alienation of her husband's affections, evidence of a confession made by the husband to the wife of his immoral relations with the defendant is admissible only when made prior to the existence of any facts calculated to excite the suspicion of the wife of misconduct on his part.

An unresponsive answer given by a party while on the witness stand constitutes reversible error only where it is apparent to the court that the party designed to go beyond the scope of the question.

Where it is apparent to the trial court that a party, while on the witness stand, has given unresponsive answers intentionally and to

gain an advantage, and that the verdict has been influenced thereby, the verdict should be set aside.

The admission of secondary evidence of the contents of a letter, after the introduction of evidence of an unsuccessful search for the original, is equivalent of an express finding by the court of the loss of the original.

The finding of the trial court that the loss of a letter had been sufficiently shown to justify the admission of its contents is not subject to revision in Supreme Court.

In civil actions, evidence of character is inadmissible to show that one did or did not do a certain act because his or her character would predispose him or her not to do it.

In an action brought by a wife for the alleged alienation of her husband's affections, evidence that defendant and the husband were seen intoxicated together is not admissible as tending to show an adulterous disposition between them.

In proving adultery, other acts of that character between the parties charged, as well as acts of familiarity showing that an adulterous disposition exists between them, are admissible in evidence, if any light is thereby thrown upon the probability of the commission of the offence charged.

TORT to recover damages for the alleged alienation of the affections of the plaintiff's husband. Plea, the general issue. Trial by jury at the June Term, 1916, Orange County, *Stanton,* J., presiding. Verdict for plaintiff. Defendant excepted. The opinion states the case.

*Charles Batchelder* and *Frank S. Williams* for defendant.

*Stanley C. Wilson* and *David S. Conant* for plaintiff.

MILES, J. This is action for an alleged alienation of the affection of the plaintiff's husband, and comes to this Court upon exceptions numbered from one to twenty-three inclusive.

The first exception which we take up in the consideration of this case is defendant's exception No. 2 which includes several exceptions more or less related to each other; but in this connection we confine ourselves to the disposition of that part of this exception which relates to the admissibility of the testimony of the plaintiff, wherein she was asked to state what her husband

31

told her with relation to conduct between himself and the defendant, and to which she replied, subject to the defendant's objection and exception: "He told me for four years he had been to visit her for immoral purposes, and, if I would forgive him and leave a writing that I wanted him to have my half of the property, that he would promise me on my death bed, as we supposed it was, that he would never go there again for any purpose, and I forgave him and gave him a writing, or sent it out rather afterwards—gave it to my son and he carried it to his father."

The evidence was offered and received as tending to show the state of mind of the husband towards the defendant. We do not think it had such tendency. It was a declaration in the nature of a confession to the effect that the defendant was guilty of the act charged against her in this suit. The plaintiff conceded at the time the offer was made, that the testimony was not admissible as tending to show the guilt of the defendant, and then stated to the court that it was not offered for that purpose. The scope of the admissibility of the declarations of the one whose affections are alleged to have been alienated, is very clearly stated by *Rowell*, J., in *Fratini* v. *Caslini*, 66 Vt. 273, 29 Atl. 252, 44 Am. St. Rep. 843, wherein he says:

"In actions for criminal conversation it is relevant to inquire into the terms on which the husband and wife lived together before her connection with the defendant, and it is usual to give evidence of what they have said or written to or of each other, in order to show their mutual demeanor and conduct, and whether they were living on good or bad terms. It is, however, always required that proof should be given that the declarations or letters of the wife, when the husband is the plaintiff, purporting to express her feelings, were made or written prior to the existence of any facts calculated to excite suspicion of misconduct on her part, and when there existed no ground to suspect collusion." To the same effect is *Townsend* v. *Townsend*, 84 Vt. 315, 79 Atl. 388.

In the case at bar there was no evidence that the declaration excepted to, was made prior to the existence of any facts calculated to excite suspicion of misconduct on the part of the husband; besides, the declaration itself discloses that it was made long after that and after trouble arose between the plaintiff and her husband. Not having a tendency to prove the fact for which

it was offered, and not coming within the rule stated above, it was error to receive it, and it could not be otherwise than harmful.

As this holding reverses the case, we might dispose of it without saying more; but, as it is to be sent back for a new trial, a disposition of some of the other questions, may be helpful on that trial; hence we take up such of them as we think are liable to again arise. Much of the evidence excepted to under the defendant's exception No. 2 raises the same question as is raised under defendant's exception No. 3, and the disposition of excepton No. 3 sufficiently disposes of those exceptions.

Exception No. 3 rests upon the objection that the answer was not responsive, and being made by a party was inadmissible and reversible error. The answer was stricken from the record as soon as made; but the defendant insists that this does not remove the error, and in support of this contention cites *Holman* v. *Edson,* 81 Vt. 49, 69 Atl. 143, 15 Ann. Cas. 1089. In that case it was not intended to lay down an unbending rule. It should be limited to cases where it is apparent to the court that the party designed to go beyond the scope of the question, and we so construe the rule. Any other interpretation would work a hardship in many cases, through inadvertence, misunderstanding and ignorance. Such matters can well be handled by the trial court, and when it appears to the court before whom the case is being tried, that such answers are being given intentionally and to gain an advantage, and that the verdict has been influenced thereby, the court should set the verdict aside. In this case we cannot say that the answer was intentionally irresponsive or that it was made to gain an advantage, and being dealt with by the court at once and stricken from the record, we hold that there was no error in this respect.

Exception 9 was to the court's permitting the plaintiff to testify to the contents of an alleged letter claimed by the plaintiff to have been received from her husband. The objection was that the foundation had not been laid so as to permit secondary evidence being received.

The witness was fully examined as to search for the letter before its contents were received, and although the court did not expressly find the loss of the original, the receipt of the evidence was equivalent to such finding, and that the loss of the original letter had been sufficiently shown to justify the admission of

secondary evidence. Such a finding below is not subject to revision by this Court; *Moore* v. *Beattie,* 33 Vt. 219.

Exception 10 was to the admission of the testimony of W. H. Hill, who was called to Sanders' house to treat a sick horse and while there saw the defendant and one George Thomas in an extreme state of intoxication, at one time lying on the floor near each other; that, on this occasion, he was at the house of Sanders about two hours and a half and spent a large portion of the time at the barn; that during the time he was at the barn Sanders was there with him; but the defendant and Thomas did not leave the house; that when he first came there Sanders had been drinking cider or some other intoxicating liquor, and that when he went away Sanders, as well as Thomas, and the defendant, was badly intoxicated, but that he did not see anything immoral on the part of Sanders during his stay at his place. The evidence showing these facts, was offered as tending to show the character of the defendant respecting chastity and to show that the bonds of modesty had been broken down, and the same was received without limitation subject to the defendant's exception based upon the ground that evidence of character was not admissible in this suit.

It is clear that evidence of character is inadmissible to show that one did or did not do a certain act because his or her character would predispose him or her to do or not to do it, in a civil action, and the authorities are abundant showing this. *Wright* v. *McKee,* 37 Vt. 161, and cases cited; *Lander* v. *Seaver,* 32 Vt. 114, 76 Am. Dec. 156; Chamberlayne on Evidence, Vol. 4, par. 3273 et seq. In 10 R. C. L. 947, par. 117, the general rule is laid down as follows:

"The general rule in civil actions unquestionably is, that the general character of the parties is not involved in the issue, and evidence concerning it is not admissible."

In 16 Cyc., p. 1263, the rule is laid down as follows: "That a person did or did not do a certain act, because his character would predispose him to do or not to do it, is an inference which, although sometimes logically probative, the English law of evidence, with some exceptions, absolutely reject, in civil actions." We think the objection on this ground should have been sustained, and we think Hill's evidence had no tendency to show an adulterous disposition between Sanders and the defendant.

While the law is well settled that in proving adultery other acts of that character, as well as acts of familiarity, showing that an adulterous disposition exists between the parties charged, is admissible in evidence, if it throws any light upon the probability of the commission of the offence charged, *State* v. *Bridgman*, 49 Vt. 202, 24 Am. Rep. 124; *Taft* v. *Taft*, 80 Vt. 256, 67 Atl. 703, 130 Am. St. Rep. 984, 12 Ann. Cas. 959, but such acts must be shown to have been between the parties charged, and the evidence in this case fails to show it. While the testimony of Hill tended to show that the defendant had little or no regard for such conduct and behavior as become the modest woman, and which may have tended to show undue familiarity between herself and Thomas, which we do not decide, it had no tendency to show such relation between herself and Sanders. It was error to receive the same for either purpose for which it was offered and could have no other effect than to show defendant's character. It was prejudicial and harmful.

The other exceptions raised and not considered by us need not be passed upon at this time. From what has already been said respecting the exceptions passed upon, the others can be taken care of on another trial.

*Reversed and remanded.*