G. C. BERKLEY *v.* BURLINGTON CADILLAC CO., INC.

May Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 3, 1925.

*Sale—Breach of Warranty—Evidence—Original Order for Automobile—Harmless Error—Striking Out Irresponsive Answer—Discretion of Court—Cross-Examination—Value —Error Cured by Verdict—Impeachment by Contradictory Statements—Former Pleading as Evidence for Impeaching Purposes—Refusal to Permit Inspection of Property Claimed to Be Defective—Waiver of Right to Move to Dismiss.*

1.  In action of contract for breach of warranty in sale of automobile, copy of plaintiff's original order for a car, which, by reason of

subsequent arrangements between parties whereby different car had .been substituted for one originally ordered, did not describe car delivered, *held* properly excluded on defendant's offer for purpose of showing contract under which car in suit had been purchased, such offer also being inconsistent with defendant's position during trial in objecting to testimony as to any other car than one delivered to plaintiff.

2. In such action, where different automobile had been substituted for one originally ordered, exception to instruction wherein court alluded to original contract, *held* without merit, what court said being merely introductory and not in any way such as could have prejudiced defendant.

3. To support exception to refusal to strike out answer of party as irresponsive, not only must answer be improper in substance, but it must be apparent that party intends to go beyond question and thereby gain an advantage.

4. Whether irresponsive answers of a party which have some bearing upon issues of case should be stricken out is within discretion of trial court.

5. In action of contract for breach of warranty in sale of automobile, where plaintiff testified on direct examination as to value of car when delivered to him, it was error for trial court to exclude defendant's offer in cross-examination of plaintiff to show that plaintiff had car insured for amount far in excess of value of car as stated by him, the offer being proper cross-examination, and not objectionable under best evidence rule, as it was made to show an independent fact and not the terms or provisions of a written instrument.

6. In such action, exclusion of defendant's offer to show by plaintiff on cross-examination that plaintiff had car insured far in excess of its value as stated by him on direct examination. although error, *held* harmless, as rule of damages was difference between actual value of automobile at time of sale and amount plaintiff paid for it, and verdict was considerable less than half of plaintiff's minimum estimate of damages, thus indicating that jury rejected plaintiff's estimate in arriving at their verdict.

7. In such action, where plaintiff took up his note for balance of purchase price of car after foreclosure proceedings had been instituted, and brought suit for breach of warranty, and evidence was conflicting as to whether plaintiff had made com-

plaint as to defects of car until after foreclosure proceedings had been commenced, evidence of statements and correspondence between defendant's agent and plaintiff's attorney, tending to support defendant's claim and render that of plaintiff less probable, and also to directly impeach plaintiff's testimony in relation to complaints made, *held* erroneously excluded.

8. In such action, exclusion of writ in original action, and of evidence of defendant's attorney who prepared same that he brought suit in first instance in accordance with complaint plaintiff was then making, and that matter for which suit was originally brought had no reference to claim made at trial as to defects in car, *held* error, being admissible under rule that when party to suit has changed front evidence thereof is admissible as bearing upon validity of claim.

9. A pleading which has been superseded in an action by an amended pleading is admissible in evidence against the pleader.

10. In action of contract for breach of warranty in sale of automobile, it was permissible for defendant to show in a proper way that plaintiff had refused its request for a reasonable opportunity to inspect and test car for claimed defects, as bearing on plaintiff's good faith and the sufficiency of testimony upon which he sought to recover.

11. Defendant's motion to strike from record second amended count of complaint, on ground that original complaint sounded in tort while such count alleged a breach of warranty and so introduced a different cause of action, *held* properly overruled, where pending the motion plaintiff waived all other counts of complaint and elected to rely upon count to which motion was directed, defendant, before making motion, having waived any right it might have had to have count dismissed by pleading thereto, benefit of exception also having been waived by proceeding to trial on the merits.

ACTION OF CONTRACT for breach of warranty in sale of automobile. Plea, general issue. Trial by jury at the March Term, 1924, Franklin County, *Thompson*, J., presiding. Verdict and judgment for plaintiff. The opinion states the case. *Reversed and remanded.*

*M. G. Leary* and *Watson & McFeeters* for the defendant.

Defendant's motion to strike out plaintiff's irresponsive answers should have been granted. *Holman* v. *Edson,* 81 Vt. 49; *Sanders* v. *Burnham,* 91 Vt. 480, 483.

Amount of insurance placed on property by owner is some evidence of his judgment of its value and amount of protection he desired in case of loss. *Phelps* v. *Root,* 78 Vt. 493; *Rasmusson* v. *North Coast Fire Ins. Co.,* L. R. A. 1915C, 1179; *Springer* v. *Chicago,* 12 L. R. A. 609.

Inconsistency in claims as to value may be found expressed in conduct as well as words. *Miller* v. *Smith,* 112 Mass. 472; *Sellers* v. *Jenkins,* 79 Ind. 439; *Brigham* v. *Clark,* 100 Mass. 431; *Hooker* v. *George,* 108 Mass. 327; *Stevens* v. *Beach,* 12 Vt. 585; *Fairchild* v. *Association,* 51 Vt. 613; Wigmore on Ev., Vol. 2, p. 492.

Defendant had right to ask plaintiff's permission to examine car, and his refusal to grant such request under proper circumstances and conditions was proper for consideration of jury. *Austin & Northwestern R. R. Co.* v. *Cluck,* 64 L. R. A. 494, 500; *Union Pacific R. R. Co.* v. *Bosford,* 141 U. S. 255; *Bagley* v. *Mason,* 69 Vt. 175; *Chicago, Rock Island & Pac. Ry. Co.* v. *Hill,* 43 L. R. A. (N. S.) 622; Wigmore on Ev., Vol. 4, p. 3027, § 2221; *O'Reilly* v. *Superior Court,* 33 A. L. R. 13; *Martin* v. *Elliott,* 31 L. R. A. 169.

*F. L. Webster* and *M. H. Alexander* for the plaintiff.

Failure to strike out claimed irresponsive answers, which were simply the relating of conversation, all of which was material and all of which had been previously testified to, did not constitute reversible error. *Holman* v. *Edson,* 81 Vt. 49; *Sanders* v. *Burnham,* 91 Vt. 483; *Cutler & Martin* v. *Skeels,* 69 Vt. 154.

In absence of statute authorizing order for inspection, matter is one for reasonable discretion of court. Jones on Ev., § 397; *Lane* v. *Railroad Co.,* 21 Wash. 119, 46 L. R. A. 153.

Court did not abuse its discretion in refusing to allow examination of automobile for claimed defects. Jones on Ev., § 399; *State* v. *Burnham,* 56 Vt. 445.

TAYLOR, J.    This case has once before been here on exceptions by the defendant, some of which were sustained. See 97

Vt. 260, 122 Atl. 665.   The second trial likewise resulted in ,a verdict and judgment for the plaintiff, and the defendant again seeks a reversal on exceptions.

A group of exceptions raises the question whether the court erred in excluding "Defts. 1," which was identified as a copy of an order for a Cadillac automobile placed by the plaintiff with the defendant on January 25, 1921.   It appeared without contradiction that at the time this order was given the parties had agreed upon an exchange of automobiles.   Plaintiff delivered his used car to the defendant, for which he was. to be credited $3,000 on the car specified in the order.   By a subsequent arrangement a different automobile was substituted for the one originally ordered.   Still later, because of defendant's inability to deliver this car on time, negotiations were had resulting in plaintiff's accepting the automobile in question, which the defendant had in stock at its place of business in Burlington.   Plaintiff is seeking to recover for the breach of warranties claimed to have been made with reference to the condition of the car that was finally delivered to him.   His evidence tended to show that the car was warranted to be new and in all respects in good condition.   This was in effect admitted by the defendant.   The principal issue on trial was whether the car did or did not answer these requirements.

[1, 2]   The original order was offered in evidence in connection with plaintiff's testimony as well as the testimony of defendant's salesmen who conducted the transaction as tending to show the contract under which the car in question was purchased.   None of this group of exceptions presents reversible error.   It was not claimed that the car delivered to the plaintiff was the car described in the order.   The fact that the plaintiff stated in the course of his cross-examination that he took the car in question in consummation of the original trade would not, in the circumstances, affect the result.   All that was claimed to be shown by the order already appeared in evidence without objection.   If admissible, it was only as part of the history of the transaction.   Manifestly it did not embody the contract on which this action is based and had no bearing on the matters in dispute.   Besides the offer of the exhibit, which came at the very close of the plaintiff's evidence, was inconsistent with defena ant's position during the introduction of the evidence.   Testimony relating to any other car except the one that was delivered

to the plaintiff was objected to and only admitted so far as necessary to an understanding of the conversations in which the warranties relied upon were made. Any such reference, even, to prior negotiations was excepted to by the defendant. The exception to the part of the charge wherein the court alluded to the original contract is without merit. It was merely introductory and could not in any way have prejudiced the defendant.

[3, 4] The defendant briefs a group of exceptions which assign error because of certain alleged voluntary statements made by the plaintiff in answer to questions in cross-examination. Most of the questioned answers were not strictly responsive. However, it is not every irresponsive answer given by a party that will support an exception. Not only must such an answer be improper in substance, but it must be apparent that the party intends to go beyond the question and thereby gain an advantage. *Underwood* v. *Cray*, 94 Vt. 58, 60, 108 Atl. 513; *Sanders* v. *Burnham*, 91 Vt. 480, 100 Atl. 905. Answers of a party, though irresponsive, having some bearing upon the issues of the case, would not ordinarily present reversible error. *Cutler & Martin* v. *Skeels*, 69 Vt. 154, 37 Atl. 228; *Holman* v. *Edson*, 81 Vt. 49, 69 Atl. 143, 15 Ann. Cas. 1089. The matter is to a large extent in the hands of the trial court, to be dealt with as justice may require. *Symes* v. *Fletcher*, 95 Vt. 431, 438, 115 Atl. 502; *Sanders* v. *Burnham*, 91 Vt. 480, 483, 100 Atl. 905. Such of the answers as bore upon the issues the court permitted to stand. In some instances the testimony given was immaterial, and the court directed that it be struck out and instructed the jury to disregard it. In no instance was such immaterial evidence prejudicial in character. There is nothing in the record to show such misconduct on plaintiff's part as requires a reversal. It would seem that the court dealt with the matter properly and adequately; at least, it does not sufficiently appear that the defendant's rights were prejudiced.

[5, 6] It had appeared that the purchase price of the automobile in question was about $6,000. As bearing upon the question of damages, the plaintiff testified in direct examination that in his opinion the fair cash value of the car when delivered to him was from $1,500 to $2,000. As part of its case, the defendant called the plaintiff to the stand, and, pending the question whether he had got the car insured, which was objected to as immaterial, offered to show that plaintiff had the car insured

"far in excess of the amount" he had testified the car was worth when he purchased it. An exception was saved to the exclusion of the offer. Counsel on both sides treat the question as though plaintiff had been recalled for further cross-examination. It would seem that the offer was proper subject-matter of cross-examination. Counsel invoke the best evidence rule to sustain the ruling; but the offer being to show an independent fact and not the terms or provisions of a written instrument, the rule would not be applicable. *Wetmore & Morse Granite Co.* v. *Ryle*, 93 Vt. 245, 251, 107 Atl. 109. Nor can the ruling be sustained upon the theory that the offer was not made as part of plaintiff's cross-examination. The offered evidence would be material in defense (*Phelps* v. *Root*, 78 Vt. 493, 504, 63 Atl. 941), and it would be competent to call the plaintiff as a witness to the fact. But it is not made to appear that the defendant was harmed by the exclusion of the offer. The rule of damages in the case was given as the difference between the actual value of the automobile at the time of the sale and the amount plaintiff paid for it, with interest on the difference for three years. The verdict was for $2,015.35, or considerably less than half of plaintiff's minimum estimate of his damages. The jury evidently rejected plaintiff's estimate in arriving at their verdict.

[7] Plaintiff had given his note for the balance of the purchase price of the car secured by a mortgage thereon. Payments had been made on the note, leaving about $2,000 due when proceedings for the foreclosure of the mortgage were instituted. Thereupon, plaintiff took up the note, and about the same time brought this suit. Plaintiff testified that he repeatedly complained of the defects in the car and that, when asked to pay the note, he had told the defendant's manager he was able and willing to pay the balance when the car was put in proper condition, but that he would not pay therefor until it was made good. This line of evidence was denied by the defendant, and its evidence tended to show that plaintiff did not complain of defects in the car until after the foreclosure proceedings were commenced. Defendant's manager, Mr. Jimmo, testified that he had a talk with the plaintiff in the latter part of November, 1921, about raising money to pay the balance due on the car; that plaintiff informed witness that he was making arrangements to do so; that about December 9 witness had a talk with plaintiff in reference to getting some one to take over the mortgage note and hold

it for him so that defendant might get its money; that plaintiff asked witness to see H. Elmer Wheeler for some purpose in connection with defendant's claim; that he saw Mr. Wheeler in compliance with plaintiff's request. Mr. Wheeler was called as a witness by the defendant, and identified ''Deft.'s 6'' as a letter that he had written and mailed to the defendant and ''Deft.'s 8'' as a carbon copy of the reply received by him.

Numerous offers of evidence were made in connection with the testimony of these two witnesses. Exceptions saved to the exclusion of the offers are treated together in the briefs. By several separate offers it was proposed to show by Mr. Jimmo that plaintiff sent the witness to Wheeler to see if he would take over the mortgage and hold it to give plaintiff longer time in which to pay; that witness had a conversation with Wheeler with reference to the matter as requested; that he found Wheeler willing to take up the mortgage and hold it, providing the defendant would discount the note ten per cent.; that witness secured Wheeler's assent to the proposal that the defendant would discount the note five per cent., if plaintiff would stand the other five per cent.; that witness returned and reported to plaintiff his negotiations with Wheeler and defendant's willingness to discount the note five per cent., if plaintiff would take care of the other five per cent. It was further offered to show by Wheeler that plaintiff requested him to take up and hold the note and mortgage; that thereupon witness wrote the defendant on October 25, 1921, in reference to the matter. This letter, which is ''Deft.'s 6,'' was offered in evidence in connection with the testimony of both witnesses. The part of the letter relied upon as material follows: ''You have a mortgage for about $2,000 on Dr. Berkley's car. He has spoken to me about it. I would like to inquire what discount you would make on this mortgage providing you could have your cash. Would you discount it $200, or 10%?'' The reply, ''Deft.'s 8,'' bore date October 26, 1921.

Plaintiff had testified in cross-examination that he referred defendant's manager to Mr. Wheeler because the matter was in litigation at the time and was in Wheeler's hands as attorney for adjustment, and not to see if Wheeler would take up the mortgage and note for him; that he was not asking for time to meet the note, but was able to meet his obligations at that time; that he did not have a talk with Jimmo in which hope was ex-

pressed that he could borrow money of Wheeler to pay the note; that he did not tell Jimmo he was going to have a talk with Wheeler to see if he would take up and hold the note and mortgage for him; that Jimmo told him he had had a talk with Wheeler, but did not report that Wheeler would take up the note and hold it for a discount of ten per cent.

The evidence in question was offered as tending to impeach the plaintiff, and also as tending to show the facts in reference to the transaction, and that they were inconsistent with the claim he was making in court. The several offers were excluded on the general objection that they were immaterial. In view of the issues on trial, it must be held that this line of evidence was material. It would tend to support the defendant's claim and to render that of the plaintiff less probable, which is a well-recognized test of admissibility. *Gomez & Co.* v. *Hartwell*, 97 Vt. 147, 155, 122 Atl. 461. Besides, it tended directly to contradict the plaintiff's testimony referred to above, and so was impeaching in character. We are satisfied that the error prejudiced the rights of the defendant, requiring a reversal.

[8, 9] Mr. Wheeler, called as a witness by the defendant, testified in direct examination that he was one of the attorneys who brought the suit. The original writ in the files of the case was shown the witness and he was asked whether he brought the suit on the claim the plaintiff then made against the defendant. The question was objected to as immaterial and excluded. Thereupon, defendant offered to show by the witness that he brought the suit in the first instance in accordance with the complaint that the plaintiff was then making and further to show that the matter for which the suit was originally brought had no reference to the claim being made of defects in the car, as bearing upon the reasonableness of such claims. The offer was excluded and defendant saved an exception.

Clearly much that the defendant relied upon would be shown by an inspection of the original complaint. The fact asserted that the claim now relied upon was not made when the suit was instituted would be a material circumstance and open to proof by competent evidence. The defendant would be entitled to show in some proper manner that the suit was brought on the only claim originally made by the plaintiff. It is a common practice, when a party to a suit has changed front, to admit evidence of the fact as bearing upon the validity of his claim. It

was held in *Scoville* v. *Brock*, 79 Vt. 449, 65 Atl. 577, 118 A. S. R. 975, that a material admission in an answer which had been superseded was provable like any other documentary admission not embraced in the record of the proceeding. We held in *Barclay* v. *Wetmore & Morse Granite Co.*, 94 Vt. 227, 110 Atl. 1, that a count of the complaint which had been waived, relied upon as contradicting the claim plaintiff was making at the trial, stood like any other documentary admission not in the record; and that inconsistency of the facts alleged, if present, was open to explanation. This follows from the rule generally recognized to the effect that a pleading which has been superseded in an action by an amended pleading is admissible in evidence against the pleader. See notes 14 A. L. R. 22, 65; Ann. Cas. 1913A, 1132; Ann. Cas. 1915C, 735; Ann. Cas. 1918E, 549; 1 R. C. L. 495-500; *Russ* v. *Good*, 92 Vt. 202, 102 Atl. 481; *Oakes* v. *Buckman*, 87 Vt. 187, 88 Atl. 736. We do not consider the merits of the exception further than to indicate that the defendant was entitled to the benefit of the subject-matter of the offer. The precise question presented by the exception would probably not arise on a retrial.

[10] During the reception of defendant's evidence, and after the jury had been excused from the court room, defendant asked the opportunity of inspecting the automobile, and testing it out on the streets of St. Albans in company with any person that the plaintiff should select. The request was denied for reasons stated at length, which in substance were that the car was not in condition to be operated, having been put up for the winter, the necessary absence of the plaintiff during the recess of court, and the fact that the defendant had already had ample opportunity of ascertaining the condition of the car. Thereupon the defendant moved the court to order that the request be granted. The court deemed that it would not be justified in making an order that the defendant be permitted to take the car out and operate it, and denied the motion in the exercise of its discretion. The defendant excepted to the refusal of the court to rule upon the motion as a matter of law and to the denial of the motion on the ground stated as being an abuse of discretion. Later, plaintiff was called to the stand by the defendant and asked the following question: ''Are you now willing, Doctor, that we may send an expert to your garage, together with any expert automobile man that you may select, for the purpose of

inspecting that car and looking it over to see what defects, if any, may be discovered—will you allow us to do it?'' Plaintiff's counsel asked and were granted an exception to the asking of the question, and the court reproved the examiner for making the request in the presence of the jury. The question was excluded, to which the defendant was allowed an exception. During his argument one of defendant's counsel requested the privilege of arguing to the jury the inference to be drawn from the fact that the plaintiff refused ''to let us see this car when requested during the trial,'' and excepted to the action of the court in denying the request. These exceptions are relied upon as the basis of the claim that the defendant had a right to ask plaintiff's permission to examine the car, and that, in the circumstances of the case, it was proper for the jury to consider his refusal to grant the request; therefore, that it was error to deny the defendant the right to ask the question, thereby depriving it of the benefits of the answer, either in examining the car as requested, if plaintiff had consented or in drawing legitimate conclusions from his refusal.

There is a decided difference of opinion with reference to the power of the court, in the absence of a statute conferring authority, to provide for the examination of chattels, the condition of which is involved in litigation, against the objection of the party in possession. Many of the decisions are reviewed in a note to *O'Reilly* v. *Superior Court*, 33 A. L. R. 10. See, also 4 Wig. on Ev., § 2221. In many of the states there are now statutes empowering the court to order the production or inspection of chattels involved in the litigation. We have no such statute; but it is unnecessary to consider the nature and extent of the power at common law, for, if it exists, its exercise plainly rests in the sound discretion of the trial court (17 C. J. 1053) and the claim that the denial of the motion was in the circumstances an abuse of discretion is not relied upon in this Court. We think it would clearly be permissible for the defendant to show in a proper way that plaintiff had refused its request for a reasonable opportunity to inspect and test the car for the claimed defects. It is generally held in the trial of personal injury cases, even in those jurisdictions which deny the power of the court to order an examination, that if a party unreasonably refuses to submit to a physical examination that fact may be considered by the jury as bearing on his good faith and the suf-

ficiency of the testimony upon which he seeks to recover. *Union Pacific R. R. Co.* v. *Botsford*, 141 U. S. 255, 35 L. ed. 734, 739, 11 Sup. Ct. 1000; *Austin and Northwestern R. R. Co.* v. *Cluck*, 97 Tex. 183, 77 S. W. 403, 64 L. R. A. 494, 104 A. S. R. 863, 1 Ann. Cas. 261; *Schlechte* v. *Chicago E. Tr. Co.*, 157 Ill. App. 181. For other cases see note 43 L. R. A. (N. S.) 622. We see no reason why the same principle should not be held to apply in actions involving the condition of chattels which are the subject-matter of the litigation. There would seem to be no doubt that it would ordinarily be error to exclude the question asked the plaintiff quoted above. The ruling excluding the question seems to have proceeded upon the erroneous theory that it was a repetition of a matter that had already been disposed of adversely to the defendant. The court had declined to make an order that the defendant be permitted against plaintiff's objection to take the car out and operate it. The question only sought permission to have an expert inspect the car in plaintiff's garage. The record does not show that plaintiff expressly refused this request, for the question was excluded. In view of the necessity for a reversal on other grounds we take no time to consider whether in the circumstances the ruling could be sustained because the request was not seasonably made or because it does not appear to have been made in good faith; nor whether, if error were found, it would require a reversal.

[11] At the opening of the trial on the remand, after the jury had been impaneled, the defendant moved that the second amended count of the complaint be stricken from the record. The ground of the motion was a misjoinder of counts, the claim being that the original complaint sounded in tort while the second amended count alleged a breach of warranty and so introduced a different cause of action. Pending the motion, the plaintiff waived the other counts of the complaint and announced that he relied upon the count to which the motion was directed. Thereupon, the court overruled the motion and noted the defendant's exception. The trial proceeded to verdict and judgment on the count for breach of warranty.

Defendant cites *Carpenter* v. *Central Vermont Ry. Co.*, 93 Vt. 357, 107 Atl. 569, in support of the claim that the motion should have been granted. It was there held (at page 367) the Practice Act had not changed the rule that an amended count can be filed only for the same cause of action declared upon in

the original count for which it is to be substituted. But that case has not disturbed the rules which make the exception to the denial of the motion in this case unavailable. Before making the motion, which was oral, the defendant had waived any right it may have had to have the count dismissed. *Reynolds* v. *Chynoweth,* 68 Vt. 104, 34 Atl. 36; *Seymour* v. *Brainerd,* 66 Vt. 320, 326, 29 Atl. 462. Besides, when it went to trial on the merits defendant waived the benefit of the exception. *Smith* v. *City of Rutland,* 99 Vt. 183, 130 Atl. 714, and cases there referred to. In the Carpenter case there was a similar motion, but the same question was raised by demurrers to plaintiff's replications and the defendant elected to abide by its demurrers—in other words, to stand on its exceptions—whereupon, judgment was rendered against it, and trial was had on the question of damages only.

Defendant briefs three exceptions to the charge. As the questions presented are of no special importance, and are not likely to arise on a retrial, they require no further attention.

*Reversed and remanded.*