2007 VT 130

## Scot BOOMHOWER v. Warren E. HUNTINGTON

[944 A.2d 234]

No. 06-275

*Teachout,* J.

¶ 1. November 27, 2007. In this personal injury action, plaintiff appeals the superior court's denial of his motion for a new trial after the jury entered a general verdict in favor of defendant. Plaintiff contends that the trial court should have rejected the jury verdict as against the weight of evidence, and that the verdict must have been tainted by admission of unduly prejudicial evidence concerning his withdrawn lost-income claim and his failure to report taxable income and pay child support. We affirm.

¶ 2. Plaintiff sued defendant following an automobile accident involving the parties. Because defendant conceded that his negligence caused the collision, the trial revolved around whether and to what extent plaintiff was injured and suffered damages as a result of the accident. Following a two-day trial on those issues, the jury entered a general verdict in favor of defendant. On appeal, plaintiff argues that the verdict was not supported by the evidence and that the trial court abused its discretion by permitting defense counsel to cross-examine him on irrelevant, nonprobative, and highly prejudicial matters concerning his alleged failure to report income on his tax return and to meet his child support obligations.

¶ 3. With respect to his first argument, plaintiff must show that the trial court, viewing the evidence most favorably to defendant, abused its discretion by failing to conclude that the jury "disregarded the reasonable and substantial evidence, or found against it, because of passion, prejudice, or some misconception of the matter." *Pirdair v. Med. Ctr. Hosp.*, 173 Vt. 411, 416, 800 A.2d 438, 443 (2002) (quotations omitted); see *Hardy v. Berisha*, 144 Vt. 130, 134, 474 A.2d 93, 95 (1984) ("[I]t is the protected duty of the jury to render a verdict, and a judge may not disturb that verdict unless it is clearly wrong." (citation omitted)). Further, because there was a general verdict in this case, plaintiff "must demonstrate that the jury disregarded substantial evidence in [his] favor on each contested element necessary for recovery and that a verdict based on a finding in defendants' favor on any one of these elements was clearly wrong." *Pirdair*, 173 Vt. at 416, 800 A.2d at 443. In reviewing a trial court's ruling

on a motion for a new trial based on an assertion that the jury's verdict was not supported by the evidence, we give the same presumptive support to the ruling that the trial court owed to the jury. *Id.*

¶ 4. Relying on his medical records and the testimony of a physician, an occupational therapist, and three lay witnesses, plaintiff contends that the jury must have disregarded this substantial evidence in failing to find that he suffered a back injury and incurred damages as the result of the automobile collision. Upon review of the record, we conclude that there was sufficient evidence to support the jury's verdict. At trial, defendant presented ambulance and emergency room records indicating that plaintiff initially did not complain of any injury other than one to his foot, and that there was no indication of neck or back injuries. Although plaintiff's physician testified that, in his opinion, plaintiff suffered a back injury as a result of the accident, he acknowledged on cross-examination that pain is subjective in nature and that most back injuries cannot be readily validated or measured. He further conceded that the physiological cause of back pain is unknown in ninety-five percent of the cases, and that that was true in plaintiff's case. The physician found no evidence of nerve or muscle damage but based his diagnosis in part on plaintiff's range of movement and other factors.

¶ 5. For his part, defendant presented evidence suggesting that the factors the physician relied upon were not noted when plaintiff was treated shortly after the accident. The physician also acknowledged on cross-examination that plaintiff had told him of pre-accident back pain for which he had seen a chiropractor. Moreover, the occupational therapist stated that plaintiff had produced a "moderate" effort on tests, and that, although plaintiff's consistency suggested an honest effort, he could not be sure if the less-than-maximum effort was the result of malingering. There was also evidence indicating that plaintiff was being less than forthright in assessing his ability to work following the accident. All in all, there was sufficient evidence from which the jury could reasonably conclude that plaintiff did not suffer an injury as a result of the automobile accident with defendant.

¶ 6. Plaintiff argues, however, that even if there was sufficient evidence from which the jury could have reached its verdict, the jury most likely found in favor of defendant because the trial court allowed defense counsel to portray plaintiff as a tax evading "deadbeat dad." The evidence that plaintiff refers to arose because of a claim for lost earnings plaintiff made in his complaint, but then withdrew immediately before the trial began. In his complaint, plaintiff alleged that he lost time and wages from employment as a result of the accident. During discovery, defendant learned that the basis for the lost-income claim was plaintiff's assertion, which was unsupported by any documentation, that he paid himself wages from his business receipts. At his deposition, plaintiff explained that he would take what he needed from the business receipts to pay his child support and mortgage, some $500 per week, or $25,000 per year, and then deposit the rest in his business checking account. Although claiming in his deposition that he was deprived of this income as a result of the accident, plaintiff admitted that he had not claimed such previous earnings on his tax return. Although plaintiff claimed that he used the unreported income to pay child support and other expenses before returning the balance to his business accounts, he acknowledged that he stopped paying child support in January 2002, four months before the accident, and that he was in arrears during that period.

¶ 7. Before trial, plaintiff filed a motion in limine seeking to preclude testimony concerning the present or past status of his child support obligations and the con-

tent of documents and orders from family court proceedings. In opposition to the motion, defendant argued that evidence concerning plaintiff's child-support arrears and his claim of taking money from the business without reporting the income for taxes was relevant to discredit the lost-income claim and to impeach plaintiff's credibility in general. At a hearing on the motion two days before trial, defendant argued that he had a right to rebut plaintiff's claim for lost earnings by showing that plaintiff did not report such income, and was in arrears when he claimed to have tapped that same income for child support. In a seeming non sequitur, defendant also argued that plaintiff's failure to disclose the income to his ex-wife was somehow relevant to the lost-income claim in that it suggested he was hiding the income from her. Defendant also argued that the evidence was admissible with respect to plaintiff's credibility. Plaintiff conceded that the lack of documentation was relevant to his lost-income claim. Following the hearing, the trial court reserved its ruling until trial, but advised that financial information about the source, disposal, and reporting of the alleged income, including plaintiff's explanation about child support payments, was relevant to his claim for lost earnings and thus could be explored on cross-examination.

¶ 8. On the morning of trial, plaintiff informed the court that he intended to withdraw his lost-income claim. His attorney told the jury that he would not be making a claim for lost income, but that they would hear testimony about how injuries from the accident impacted his work and disrupted his dream of starting his own business. Plaintiff's testimony was preceded by a bench conference on whether, and to what extent, he could be cross-examined about child support matters relating to the withdrawn claim for lost earnings. Plaintiff argued that because there was no longer a lost-income

claim pending, the evidence to discredit the claim was irrelevant. Defendant responded that the plaintiff's credibility remained subject to attack by showing that he alleged lost wages based on $25,000 in unreported income supposedly used to pay child support at a time when he was in arrears in his child support payments. Plaintiff's objection to allowing proof of arrears by extrinsic evidence was sustained by the court under Vermont Rule of Evidence 608(b). Plaintiff's other specific objection was that resurrecting the claim for lost income on cross-examination would lead to prejudicial speculation by the jury as to why the plaintiff withdrew the claim.

¶ 9. The court found the proposed inquiry probative as to plaintiff's credibility and that questions regarding the circumstances of the claimed income loss would not be unduly prejudicial under Vermont Rule of Evidence 403 as long as they were limited to truthfulness or untruthfulness under Rule 608. The court reasoned that plaintiff's withdrawal of the lost-wage claim could, if plaintiff was inclined, be explained to the jury as a vagary of litigation no more prejudicial than defendant's confession of liability. To this point, plaintiff's objections focused on the relevance of discussing the lost-income claim and the arrearage, and the prejudice in having to explain withdrawing the claim, but raised no issue as to undue prejudice from the potential of painting plaintiff as evading taxes or child support.

¶ 10. Plaintiff testified on direct examination about how the accident forced him to close down his shop because he could no longer do the physical work that he had done before. He further explained that the accident caused him to cut back significantly on his work and undermined his pre-accident goal of making enough money to pay for his children's education. On cross-examination, defendant asked plaintiff if he had made a claim for lost income resulting from the accident. Plain-

tiff objected on lack-of-relevance grounds and "for the same reasons that the Court well knows," and requested a "continuing objection" on those grounds. The court overruled the objection as to the area of inquiry, and defendant proceeded, without further objection, to question plaintiff on how he claimed to cash business checks to pay his own expenses and child support, while not reporting such earnings as taxable income and while falling behind in child support. Defendant asked if plaintiff pocketed cash from the business without reporting it and, when plaintiff did not entirely concede to that characterization, defendant elicited plaintiff's agreement that he had so testified at his deposition. Plaintiff also admitted that he claimed to spend the same cash for child support while he was, in fact, falling behind in that obligation. Defense counsel finished this line of questioning with the following query, again without objection:

> In handling that cash in that way, by putting it in your pocket and not reporting it, your ex-wife and your children, who you owed child support, never knew about the money, right?

¶ 11. It is this line of questioning that plaintiff argues requires reversal. According to plaintiff, the purpose of these highly prejudicial questions was to depict him as a deadbeat dad who did not pay his taxes. He contends that the questions emphasizing his failure to report income and pay child support were neither relevant to, nor probative of, the issues before the jury. Defendant responds that plaintiff's credibility was at issue and that the court acted within its discretion in allowing a cross-examination that was duly probative of plaintiff's truthfulness reflected in his earlier claim of lost earnings.

¶ 12. Given the entirety of the circumstances as detailed above, we find no basis for reversing the jury verdict in this case.

Plaintiff's credibility in claiming a back injury as the result of the accident with defendant was a central feature of his case. We agree with the trial court that, notwithstanding plaintiff's tactical withdrawal of his lost-income claim immediately before trial, his pleading of lost earnings in light of his deposition testimony was relevant to his veracity and thus could be properly explored on cross-examination. The testimony tended to show that plaintiff claimed lost earnings for pay that had not actually been realized in the past, given plaintiff's own failure to report such earnings as income, and given his account of spending it on child support when those circumstances suggest no such wages were earned and no such expenditures were made. In short, the inquiry was relevant and probative as to plaintiff's credibility.*

¶ 13. Courts, including this Court, have generally held that "a pleading which has been superseded in an action by an amended pleading is admissible in evidence against the pleader." *Berkley v. Burlington Cadillac Co.*, 99 Vt. 227, 236, 131 A. 16, 19 (1925). "It is a common practice, when a party to a suit has changed front, to admit evidence of the fact as bearing upon the validity of his claim." *Id.* at 235, 131 A. at 19; see *Contractor Utility Sales Co. v. Certain-Teed Products Corp.*, 638 F.2d 1061, 1084 (7th Cir. 1981) ("Although prior pleadings cease to be conclusive judicial admissions, they are admissible in a civil action as

---

* We further note that although plaintiff purportedly withdrew his lost-income claim, his counsel told the jury that the accident had prevented him from attaining his dream of starting his business, and he presented expert testimony regarding his inability to work. Considering his stipulation to a general verdict, plaintiff could be viewed as dropping his lost-income claim while inviting the jury to compensate him for lost work.

evidentiary admissions."); *State Farm Mut. Auto. Ins. Co. v. Shuman,* 370 N.E.2d 941, 952 (Ind. Ct. App. 1977) ("Withdrawn, amended, or superseded pleadings, which disappear from the record as judicial admissions, are nevertheless admissible as evidence in contradiction and impeachment of the party's present claim."). This is particularly so when the evidence is used to impeach credibility. See *Davis v. Freels,* 583 F.2d 337, 342 (7th Cir. 1978) ("[F]or the purpose of impeaching [plaintiff's] credibility, [defendant] could properly rely on material admissions by [plaintiff] in his original complaint."); *Meyer v. State Bd. of Equalization,* 267 P.2d 257, 263 (Cal. 1954) (en banc) ("[W]here the party has testified in the action, a superseded pleading may be offered for the purpose of impeachment."). As stated above, plaintiff's abandoned lost-income claim and his deposition testimony surrounding that claim were relevant to plaintiff's credibility, which was a central issue in this case. See *Shuman,* 370 N.E.2d at 952 (stating that withdrawn pleadings are admissible as long as they are relevant, which is a question within the discretion of the trial court).

¶ 14. Moreover, we find no abuse of discretion in the trial court's ruling that evidence of plaintiff's failure to meet his child support obligation was not unduly prejudicial. See *Quirion v. Forcier,* 161 Vt. 15, 21, 632 A.2d 365, 369 (1993) ("The trial court has broad discretion in ruling on [V.R.E.] 403 questions, and review here is only for abuse of discretion."). As plaintiff's attorney stated, there are many reasons why someone falls behind in child support, many of which have nothing to do with whether the person is a truthful or honest person. The risk that the jury's verdict would be influenced by the fact of plaintiff's arrearage, by itself, would appear slight. On the other hand, the evidence had probative value as to whether plaintiff was credible when his claim of lost earnings and expenditures of same were contradicted by his actions.

¶ 15. As for the testimony concerning plaintiff's failure to report income on his tax return, the objection as to undue prejudice under Rule 403 was not properly preserved. At the hearing on his motion in limine, plaintiff's attorney focused on challenging the evidence of the child support arrearage and unflattering family court orders. Later, at the bench conference during trial, aside from his general objection as to relevance, plaintiff focused on excluding reference to the recently withdrawn claim for lost earnings, and successfully contesting the admission of extrinsic evidence. Plaintiff argued undue prejudice from the evidence of arrearage and having to explain the withdrawal of the lost-income claim, but not from evidence that plaintiff failed to report claimed income. Thus, when shortly thereafter plaintiff asserted a "continuing objection" based on grounds already raised, he preserved, if anything, an objection grounded on a claim of lack of relevancy, which the trial court properly rejected.

¶ 16. We need not consider whether plaintiff properly obtained, or the trial court properly granted, a continuing objection to the challenged line of questioning because "[e]ven if the trial court permits a continuing objection, its scope is limited to the basis upon which it was granted." *Slankard v. Thomas,* 912 S.W.2d 619, 628 (Mo. Ct. App. 1995); see V.R.E. 103(a)(1) (an error may not be predicated on a ruling admitting or excluding evidence unless a party's substantial right is affected and there is "a timely objection … stating the specific ground of objection"); *In re Estate of Peters,* 171 Vt. 381, 390, 765 A.2d 468, 475-76 (2000) (to preserve an objection for consideration on appeal, the party objecting to the admission of evidence must object at the time the evidence was offered or the question asked, and there must be a

specific objection, including a clear statement of the matter objected to and the grounds for the objection); *State v. Ramsay*, 146 Vt. 70, 75, 499 A.2d 15, 18 (1985) (an objection resolved on one ground does not preserve a claim on appeal on other grounds). Here, plaintiff requested a continuing objection "for the same reasons that the Court well knows." Our review of the record reveals no prior objection on the basis that plaintiff would be unduly prejudiced by having the jury hear that he admitted not reporting on his tax return all of the income claimed in his original complaint and deposition testimony. Rather, he had previously objected based on relevancy in the absence of his lost-income claim and prejudice with respect to the revelation of family court matters. In short, plaintiff failed to preserve his claim that the trial court committed reversible error by allowing defense counsel to elicit admissions concerning his failure to report income on his tax return.

*Affirmed.*